## S. PICARD *v.* E. SHANTZ.

RELEASE OF SURETY. *Building contract. Anticipating payments.*

> A stipulation in a building contract that payments shall be in fixed installments, the last when the house is completed, is a security for the execution of the contract, which inures to a surety of the contractor, and, to the extent that the surety is deprived thereof by the owner's act in anticipating payments, he is discharged.

FROM the circuit court of Harrison county.

HON. S. H. TERRAL, Judge.

Appellee, Mrs. Shantz, and one Collins entered into a written contract, by which the latter agreed to build for her a house for $1,000, she agreeing to make payments on installments as the work progressed, the last payment of $250 to be made when the building was completed. Appellee required security for the faithful performance of the contract, and appellant, Picard, by written instrument, became "surety to the amount of $250 that Collins would fill his contract for the building of the house according to the plans and specifications." During the progress of the work, Collins, without the knowledge of Picard, was paid somewhat more than the installments called for by the contract, and after the aggregate payments to him amounted to $925, he abandoned the work, and Mrs. Shantz was compelled, in completing her house, to incur expense as stated in the opinion. She has brought this action against Collins and Picard, the surety, demanding of them the sum of $250, the amount claimed to have been expended by her in finishing the house.

There was some evidence tending to show that Collins had procured the last payment to be anticipated by falsely representing that he needed it to pay freight on certain building material.

On the trial the court instructed for plaintiff that if appellee

was compelled by Collins' abandonment of the work to expend $200 in completing the house, she was entitled to recover said sum. An instruction asked by defendant, Picard, that he was released as surety by the act of the owner in anticipating payments, was refused. Plaintiff had a verdict for $215, $26.90 of which was remitted by her, and judgment entered for $188.10. Motion for new trial overruled, and defendant, Picard, appeals.

*W. A. White*, for appellant.

A creditor must not do any act which increases the hazard of the surety (Brandt on Suretyship, § 261; *Johnson* v. *Planters' Bank*, 4 Smed. & M., 171); nor vary the contract (Brandt, § 330; 2 Wall., 219); even though the variation is for the surety's benefit (Brandt, § 336; 9 Am. & Eng. Enc. L., 83, note 1). A surety on a builder's contract is discharged if the owner pays the principal faster than the contract provides. Brandt, § 345; 1 Lawson's Rights, Rem. & Pr., § 2484.

By the judgment in this case, plaintiff not only recovered the amount lost—*i. e.*, the total cost of the house in excess of the contract price—but has made a clear profit of $113.10, as a simple calculation will show.

*W. H. Maybin* and *W. G. Evans, Jr.*, for appellee.

In any view of the evidence, plaintiff has expended $75 more than the contract price. To this extent, if to no more, the contract has been broken, and, for this, appellant is, beyond doubt, liable. If this is held a just measure of damages, appellant will here enter the proper remittitur.

Picard is liable for the amount lost by plaintiff, because Collins procured the payments to be anticipated by his own fraudulent representations. The surety cannot escape by setting up the fraud of his principal for whom he has vouched. See *Bank* v. *Neeley*, 7 How., 80; *Montgomery* v. *Kellogg*, 43 Miss., 486. Wherever the principal is bound, the surety is

bound. *Montgomery* v. *Dillingham*, 3 Smed. & M., 647 s.c.
7 *Ib.*, 449.

COOPER, J., delivered the opinion of the court.

The stipulation of the contract that payments should be
made by Mrs. Shantz to Collins, the contractor, by install-
.ments as the work progressed, and that the last payment of
two hundred and fifty dollars should be payable only on com-
pletion of the house, operated as security to her for the
execution of his contract by Collins. Upon familiar and set-
tled principles, Picard, surety for Collins, was entitled to
the benefit thereof, and, to the extent that he was deprived of
this security by the acts of Mrs. Shantz in anticipating pay-
ment to the contractor, he is discharged as surety. *Law* v.
*East India Co.*, 4 Ves., Jr., 824; *Hays* v. *Ward*, 4 Johns. Ch.,
122; *Stevens* v. *Cooper*, 1 Johns. Ch., 425; *Navigation Co.* v.
*Rolt*, 6 C. B., N. S., 550; *Calvert* v. *Dock Co.*, 2 Keen, 638;
*Ward* v. *Voss*, 7 Leigh, 135; *Neff's Appeal*, 9 W. & S., 36;
*Clopton* v. *Spratt*, 52 Miss., 251; *Pain* v. *Packard*, 2 Am. Lead.
Cas., 362.

It is impossible to discover, from the evidence in this cause,
the extent of the recovery to which the plaintiff is entitled.
The evidence is that,. after Collins, the contractor, had aban-
doned the work, Mrs. Shantz proceeded to have the house
finished, and in so doing, and also in building a front fence,.
she expended two hundred and fifty or three hundred dollars.
But Collins had not contracted to make the fence, and, as to
that, there was no obligation upon Picard, the surety. It
does not appear how much was expended in completing the
house, which was the only work Picard become surety that
Collins should do.

*The judgment is reversed, and cause remanded.*