Grafton, ⎱
Dec., 1898. ⎰

### CUDWORTH & *a. v.* BOSTWICK & *a.*

The lien of a sub-contractor is limited, both as to amount and the property to which it attaches, by what the principal contractor could enforce against the owner.

A payment by the owner to the principal contractor of a sum not due, after notice of a sub-contractor's lien, does not operate to give the sub-contractor any right he would not have had if the payment had not been made.

ASSUMPSIT, to enforce a sub-contractor's lien. Facts found by a referee. Bostwick & Turner, the contractors, employed the plaintiffs to erect a building upon land of the Lime Rock National Bank. There was never anything due to the principal contractors. After notice of the sub-contractor's claim, the owner, as an accommodation and not because it was due under the contract, paid the principal contractors two hundred dollars.

*Bingham, Mitchell & Batchellor,* and *George H. Bingham,* for the plaintiffs.

*James W. Remick,* for the Lime Rock National Bank.

PEASLEE, J. " If a person shall . . . perform labor or furnish materials . . . for erecting . . . a house or other buildings, . . . by virtue of a contract with the owner thereof, he shall have a lien thereon." P. S., *c.* 141, *s.* 10. " If a person shall . . . perform labor or furnish materials . . . for any of the purposes specified in the three preceding sections, by virtue of a contract with an agent, contractor, or sub-contractor of the owner, he shall have the same lien as provided in said sections, provided he gave notice in writing to the owner or to the person having charge of the property." *Ib., s.* 13. "Any person giving notice as provided in the two preceding sections, shall, as often as once in thirty days, furnish to the owner or person having charge of the property on which the lien is claimed, an account in writing of the labor performed or materials furnished during the thirty days; and the owner or person in charge shall retain a sufficient sum of money to pay such claim, and shall not be liable to the agent, contractor, or sub-contractor therefor, unless the agent, contractor, or sub-contractor shall first pay it." *Ib., s.* 15.

Do the words " the same lien," as used in *s.* 13, mean the lien by virtue of the principal contract, or an independent lien for the sum due under the sub-contract or the value of the labor

and materials furnished? If the latter is the true construction, s. 13 should read "a like lien." If the sub-contractor's lien is for the value of what he has put into the building, it is not the same lien, although it is of like kind.

Section 15, which was a part of the original sub-contractor's lien law in this state (Laws 1871, c. 1), affords further evidence of legislative intention. It provides that the owner shall retain a sufficient sum to pay the sub-contractor, and shall not be liable to the principal contractor therefor. To retain is to keep in possession, or hold back. That is, the owner is to hold back from the principal contractor the amount due the sub-contractor. He cannot retain that which he does not possess. The provision that under these circumstances the owner shall not be liable to the principal contractor for the amount retained, unless the latter pays the sub-contractor, must relate to a fund belonging to the contractor, but for the sub-contractor's lien. The statement that the owner " shall not be liable to the . . . contractor . . . therefor unless the . . . contractor . . . shall first pay it," implies that, if the contractor does first pay it, the owner shall be liable to him for the sum retained.

Statutes which subject the owner's property to liens created by the act of the contractor so far interfere with property rights that they have been declared unconstitutional by the courts of several states. It cannot be held that so burdensome a law has been enacted unless expressed in unequivocal terms. In those states where such a lien exists, it is expressly created by statute. In Massachusetts the statute is that the sub-contractor " shall have a lien . . . to secure the payment of the debt so due to him." Mass. P. S., c. 191, s. 1. In Maine he has a lien for labor, etc., " to secure the payment thereof." Me. R. S., c. 91, s. 30. In Michigan, the statute, which was held to be unconstitutional, contained the same provision, and also provided that the lien could not be affected by any agreement between the owner and principal contractor. Mich. Laws 1887, *Act No. 270*; *Spry Lumber Co.* v. *Trust Co.*, 77 Mich. 199. In Minnesota the sub-contractor has a lien to secure the contract price or value (Minn. G. S., 1894, c. 90, s. 6229); and in Indiana " to the extent of the value of" the labor, etc. Burns' R. S. Ind., 1894, c. 86, s. 7255.

The case of *Lawson* v. *Kimball*, 68 N. H. 549, does not decide the question now under consideration. It may be that upon the facts in that case the question might have been raised, although even that is not entirely clear. But the question was not discussed by counsel, nor referred to in the opinion of the court.

The statute gives the sub-contractor the same lien that the principal contractor has and nothing more. Both as to amount and the property to which it attaches, it is limited by what the principal contractor could enforce against the property.

The owner paid Bostwick & Turner two hundred dollars after notice of the plaintiffs' lien. This was not paid because it was due, but merely as an accommodation. As there was nothing due, there was no lien. The gratuitous payment by the owner to the contractor cannot operate to give the sub-contractor any right that he would not have had if the payment had not been made.

The plaintiffs are entitled to a judgment against Bostwick & Turner, but not to a lien on the property of the bank.

*Case discharged.*

All concurred.