EAST END BANK, Appellant,

v.

Joseph A. CHILDRESS, Appellee.

Joseph A. CHILDRESS, Appellant,

v.

EAST END BANK, Appellee.

No. 19806.

United States Court of Appeals
Fifth Circuit.

Sept. 17, 1963.

---

564

C. D. Marshall, New Orleans, La., Dave McNeill, Jr., Houston, Tex. (Vinson, Elkins, Weems & Searls, Houston, Tex., Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., of counsel), for appellant.

Ivor A. Trapolin, New Orleans, La., for appellee.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

This is an interpleader action in which East End Bank and Joseph A. Childress, two assignees of sums due under Exco Corporation's subcontract with R. P. Farnsworth & Company, Inc., claim the balance due under that contract. The subcontract provided for the construction by Exco of certain wharves at the Port of Houston. It provided for interim payments as the work progressed, and provided further for the retention by Farnsworth of ten percent of all sums earned pending completion of the job.

Exco assigned to appellant Bank a progress payment in the amount of $31,-500 currently due on the subcontract. The invoice assigned excluded the ten percent "retention" reserved by Farnsworth under the terms of the subcontract. Exco then assigned to Childress, a director of and stockholder in Exco, all "retained" funds due or to be due under the subcontract. After completion of the subcontract, and after Farnsworth had paid on Exco's behalf a large sum to Exco's suppliers, a final balance of $21,-463.22 was due from Farnsworth. The money was paid into court, and this action followed.

The court below, as was proper, decided all the issues before it, holding that (1) the assignment to Childress was valid; (2) the assignment to Bank was not binding on Childress; and (3) the sums paid into court were the "retained" portions of Exco's subcontract with Farnsworth, and thus not due Exco on the invoice representing the progress payment assigned to Bank. Judgment was entered in favor of Childress for the fund, less $750.00 attorney's fees and costs, for which amount judgment was awarded the interpleader Farnsworth.

Inasmuch as we base our decision on whether the fund paid into court was

"retainage" and thus whether it passed under the claimed assignment to the Bank, we need not decide the validity of that assignment and we, therefore, pretermit any decision on that point. We agree, however, that the assignment to Childress was valid under Louisiana law,[1] and binding on Farnsworth.[2]

■ The controlling question is whether the balance due under the subcontract was "retainage" within the terms of the contract, and as contemplated in the assignments to Childress and the Bank. The subcontract provided that ten percent of all payments earned was to be retained by Farnsworth pending satisfactory completion of the job and the discharge of all liens.[3]

■ The assignment to the Bank was of the sum then due Exco, $31,499.71 and an invoice[4] for that sum was attached. The assignment to Childress of "retainage" was effectuated by several letters, and the meaning of the terms used in the letters was explained by the testimony at the trial. The court below, sitting as trier of law and fact, found that the assignment to Childress was of the "retained" portions owed under the subcontract and that the assignment was consented to by Farnsworth, subject to the reduction or deduction of "any back charges or any other legal claims." Of course, that condition was surplusage. Exco could not, under its subcontract with Farnsworth, assign the "retainage" without that condition, implied, at least, inasmuch as such a contingency was one of the purposes for which the funds were reserved, and the fund was not otherwise assignable. The "retainage" was at all times subject to claims against the prime contractor, Farnsworth, and was not due and payable to the subcontractor Exco until all such claims and liens had been discharged.

The final adjusted subcontract amounted to about $270,000. Exco became financially involved and Farnsworth paid, on Exco's account, a large sum to suppliers.[5] After the work had been com-

1. "Directors of a corporation may advance money to it, may become its creditors, may take from it a mortgage or other security and may enforce same like any other creditor, but always subject to severe scrutiny and under the obligation of acting in the utmost good faith. Villere v. New Orleans Pure Milk Co., 122 La. 717, 48 So. 162; Hancock v. Holbrook, 40 La.Ann. 53, 3 So. 351." Conclusion of Law X of the court below.

2. Inasmuch as the "retainage" then held amounted to at least $20,007.82 (see Footnote 4), and the difference in that sum and the amount of the judgment below in favor of Childress is *de minimis*, we express no opinion on the point (neither raised nor argued) whether an assignment of future earnings is valid under the circumstances here present.

3. As found by the court below, "The retention of a certain percentage under a building contract by the owner or general contractor is legally recognized throughout the United States. It is a sum clearly identifiable. Prairie State Bank v. United States, 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412; United States Fidelity & Guaranty Co. of Baltimore, Md. v. Marathon Lumber Co., 119 Miss. 802, 81 So. 492; Pratt Lumber Company v. T. H.

Gill Co., D.C.N.C., 278 F. 783; Picard v. Shantz, 70 Miss. 381, 12 So. 544; American Bank & Trust Co. v. Langston, 180 Ark. 643, 22 S.W.2d 381; Annotation, 76 A.L.R. 917, and 9 AM Jur. page 73, Sec. 115; United States F. & G. Co. v. Bank of Brewton, D.C.Ala., 4 F.Supp. 272; Jackson Lumber Company v. Moseley, 193 Miss. 804, 11 So.2d 199; State v. Malvaney, Miss., 72 So.2d 424, page 430, and Cudworth v. Bostwick, 69 N.H. 536, 45 A. 408, 409." Conclusion of Law II of the court below.

4. The invoice read as follows:
"* * *

| | |
|---|---|
| [Value of work to date] | $200,078.20 |
| Less 10% retention | 20,007.82 |
| | $180,070.38 |
| Less previous billing | 148,570.67 |
| Net due this invoice | $ 31,499.71 |

Thank you."

5. There was testimony that, at the time of the claimed assignment to the Bank, there were claims against the job of $31,466.00, leaving only $33.71 under the invoice "free and clear", and thus assignable. No determination was made as to this point.

pleted and all claims had been discharged, the sum of $21,463.22 was all that was due under the contract.

Appellant Bank argues that the "retainage" fund was about $27,000 and that, after Farnsworth had paid out that amount as "back charges and legal claims," the fund was depleted and any sums still due could not be considered "retainage." Appellee Childress contends that the final ten percent due was the "retainage," i. e., "reduction for back charges and legal claims" was not a measure of the funds assigned, but a condition or limitation to the assignment. The court below found: "As between Childress and EXCO, Inc., there was assigned the complete 10% retainage without the requirement of joint payment and without deduction of back charges and legal claims. This assignment was consented to by Farnsworth with the limitation provided for Farnsworth's protection with the approval of Childress and Exco, Inc." Finding of Fact X.

We agree. The reduction or deduction of "any back charges or other legal claims" was a limitation or condition for the benefit of the prime contractor, Farnsworth. The funds assigned were *subject to* any such reduction or deduction, as far as Farnsworth was concerned, but not *measured by* any such reduction or deduction, as far as the assignee was concerned. Farnsworth's requirement (in the consent to the assignment) that Exco endorse the checks by which the "retainage" was to be paid was merely for the benefit of Farnsworth—a receipt or evidence of the payment. No right to the funds assigned was reserved in Exco because of such a requirement.

Inasmuch as the funds finally due were not more than the ten percent "retained", appellant Bank has no claim to them. These funds were assigned to Childress, subject to any claim by Farnsworth, and as Farnsworth has no further claim, the funds belong to Childress. East End Bank is an unsecured creditor, inasmuch as it had no security in the "retained"

funds, whether its assignment was valid or not.

The judgments of the court below, including the judgment for attorneys' fees, are right and are affirmed.