## CURTIS *v.* COCHRAN.

When a person convicted of an infamous crime is pardoned, the conviction is evidence upon the question of his credit as a witness.†

ASSUMPSIT, on a note. Verdict for the defendant. Motion of the plaintiff for a new trial. The plaintiff offered himself as a witness. The defendant objected to his being sworn, and produced evidence of his conviction of a disabling offence. The plaintiff produced a pardon, and was allowed to testify. The defendant then offered the evidence of the conviction for the jury to consider. The plaintiff objected that the pardon rendered such evidence incompetent, but it was admitted subject to exception.

*Morrison & Stanley*, for the plaintiff.

This verdict must be set aside because the defendant was permitted to put in evidence the record of the conviction of the plaintiff after pardon issued, and after he had testified. The record could have no other bearing, and in fact was intended to have no other bearing, except as impeaching or affecting the credibility of the plaintiff; and it has been expressly decided in this State that it was inadmissible for such a purpose. *Chase* v. *Blodgett*, 10 N. H. 22.

The only modes in which a witness can be impeached are, by cross-examination, by disproving the facts stated by him by the testimony of other witnesses, by general evidence affecting his credit for veracity, and by showing that the witness has made contrary statements. But in general, evidence affecting his credit for veracity must be confined

---

* See *Woodbury* v. *Woodbury*, 47 N. H. 22, 23.                    REPORTER.

† The legislature, by act of July 13, 1871, provided that " no person shall be incompetent to testify on account of having been convicted of an infamous crime, but the record of such conviction may be used to affect his credit as a witness."                    REPORTER.

to his general reputation and not to particular facts.  Greenleaf on Evidence, §§ 461 and 462.

The admission of this record does not come within any of the principles before stated, and it was therefore improperly admitted.

*Geo. Y. Sawyer & Sawyer, Junior,* for the defendant.

It has *not* been decided in this State, nor elsewhere, so far as we have been able to make examination, that the record of conviction for an infamous crime is incompetent to impeach the credibility of a witness, when by reason of pardon or for other cause it is insufficient to exclude him.

It is true that an opinion to that effect is expressed by the learned judge in the case of *Chase* v. *Blodgett*, cited in the plaintiff's brief, but that case required no such opinion.  The only question raised in that case was, whether the witness was or was not properly allowed to testify, when the record of his conviction of such crime in another State was offered for the purpose of excluding him.  He was allowed to testify, but the court held that he ought to have been excluded.  The question, therefore, whether, if he had been properly allowed to testify, the record might be introduced to impeach his credibility, was not necessary to be considered, and the opinion of the learned judge on that point was *extra-judicial.*

In *Commonwealth* v. *Knapp*, 9 Pick. 512, the question was distinctly raised and expressly decided, that when the record of such conviction is insufficient to exclude the witness, as was then and is now held in Massachusetts in the case of a conviction in another State, it may still be introduced to impeach him.

In 1 Phillipps Evidence 27 (35), it is said, " A pardon is said to make the witness a new creature, and give him a new capacity ; the crime indeed may still be objected against him as *affecting his credit,* but cannot be urged against his competency."   In the reasoning of the learned judge in the case of *Chase* v. *Blodgett*, he says " no authority is cited for that part of the paragraph relating to the credit of the witness."   In the notes of Cowen & Hill on Phillipps Evidence, part I, p. 66, note 63, ed. of 1839, the case of *United States* v. *Tom Jones*, 2 Wheel. Cr. Cas. 451, is cited to sustain that part of the paragraph.  In that case, THOMPSON, J., says " competency of a witness may be restored by pardon, yet no credit is due " to him unless he is corroborated by others or by the circumstances of the case."   *Vide*, also, cases cited in reporter's note in *Commonwealth* v. *Knapp*, 9 Pick. 512.

The principal ground taken by the learned judge, in his *extra-judicial* opinion in *Chase* v. *Blodgett*, for excluding the record to impeach the witness, seems to be that the record is but evidence of a particular fact, and that the character of the witness should be impeached by general evidence only.   We submit with great deference that the record is much more than mere evidence—more than conclusive evidence of a particular fact.  It is conclusive evidence of a fact of such a character as in the judgment of the civilized world ought to exclude him from

testifying, as unworthy of the least degree of credit. If this is a just view—and that it is is universally admitted—can the whitewashing process of an executive pardon so cleanse him that his credit is not still more or less justly impaired by the stigma of the conviction? The old dogma, that a pardon makes him a new creature, ought to be received with many grains of allowance in these days, when pardons are so often granted for the express purpose of restoring his competency, and upon no other ground. It would seem to be sufficient to give to the pardon the effect of allowing the witness to be heard in court, and then to permit the jury to estimate his credit in the light of the conviction and the pardon.

An irreproachable life subsequent to the conviction, for a term of years sufficient to demonstrate a reformation of his character, would be much better proof of his having become " *a new creature* " than an executive pardon, and proof of such life would be a complete answer to the impeachment of his credit by the record of his conviction.

The change of late in the policy of the law, in most jurisdictions where the common law prevails, on the subject of allowing parties and others interested to testify, requires a modification of many of the old rules of law in relation to evidence as to the character of the witnesses. If witnesses thus interested are allowed to testify under the strong temptation to perjury which interest holds out, ought not the jury to be permitted to know more of their antecedents, so far as they have a direct bearing upon their character, than when none but disinterested witnesses were to be heard ?

Doe, J. " If the king pardon these offenders, they are thereby rendered competent witnesses, tho their credit is to be still left to the jury, for the king's pardon takes away *pœnam and culpam in foro humano* * * * but yet it makes not the man always an honest man." 2 Hale P. C. 278; *King* v. *Castlemain,* 7 How. St. Tr. 1109, 1110; *King* v. *Rookwood,* 13 How. St. Tr. 185, 186; 1 Stark. Ev. 99; Peake Ev. 132; McNally Ev. 232, 234; 1 Gilbert Ev. (by Lofft, ed. of 1791) 260; 1 Phillipps Ev. (old ed.) 29; 1 Gr. Ev., § 377; 2 Saund. Pl. and Ev. 1275; 1 Arch. Cr. Pr. and Pl. 155; 1 Arch. N. P. 29; Bac. Abr. *Pardon* (H); 3 Wooddeson Lectures on Laws of Eng. 284; Wharton Cr. L. (6th ed.) § 765; 1 Bishop Cr. L. § 763; 2 Hargrave Juridical Arguments 221, 233, 260, 267; 2 Russell on Cr. 975, note; Roscoe Cr. Ev. 137, note; 2 Am. L. Reg. (N. S.) 488; *U. S.* v. *Jones,* 2 Wheeler Cr. Cas. 451; *Baum* v. *Clause,* 5 Hill 196; *Carpenter* v. *Nixon,* 5 Hill 260; *Newcomb* v. *Griswold,* 24 N. Y. 300; *Gardner* v. *Bartholomew,* 40 Barb. 325; *Com.* v. *Green,* 17 Mass. 515, 550, 551; *Com.* v. *Rogers* (Pamph. Rep.) 39, 148, 179, 180, 231, 249, 256, 271; *Hoffman* v. *Coster,* 2 Whart. 453, 462; *Howser* v. *Com.* 51 Penn. St. 332, 340; *Anglea* v. *Com.* 10 Grat. 696, 698, 699, 703, 704; 2 Hume Cr. L. 344; Glassford Ev. 413.

A person convicted of an offence known in law as infamous, is incapacitated to be a witness, because, when his guilt is established by the conviction, his general character for truth is shown to be so bad that

his testimony would be useless or dangerous. 1 Gr. Ev. § 372; 1 Stark. Ev. 94. That is the theory of the common law. The conviction is an impeachment and condemnation of his general character for truth. A pardon is not presumed to be granted on the ground of innocence or total reformation. *Cook* v. *Middlesex*, 2 Dutcher 326, 331, 333; 4 Bl. Com. 397, 400; 3 Inst. 233, 238; 2 Hawk. P. C., ch. 37, § 8; *Com.* v. *Halloway*, 44 Penn. 210. It removes the disability, but does not change the common-law principle that the conviction of an infamous offence is evidence of bad character for truth. The general character of a person for truth, bad enough to destroy his competency as a witness, must be bad enough to effect his credibility when his competency is restored by the executive or legislative branch of the government.

If the party against whom an infamous person is offered as a witness, had the election of using the conviction as a ground of exclusion or of an attack upon the credit of the witness, the testimony of the witness might be warped by the fear of impeachment and the hope of avoiding it; and that may be a sufficient reason for not allowing such election.

When the character of a pardoned witness is impeached by the record of his conviction, it would seem that his character may be sustained by appropriate evidence.

*Judgment on the verdict.*