Hillsborough,
No. 4696.

JOHN LATOUR

*v.*

PRODUCERS DAIRY, INC.

AND

AMERICAN MUTUAL LIABILITY INSURANCE CO.

Argued February 3, 1959.
Decided February 27, 1959.

6

*Earley & Flynn* (*Mr. Flynn* orally), for the plaintiff.

*Sullivan & Gregg* and *Charles F. Keeley* (*Mr. Keeley* orally), for the defendants.

BLANDIN, J. At the outset we are met with the plaintiff's claim

that the defendants may not raise any questions relative to the first decree since they saved no exceptions during the trial and made no motions until after the amended findings, rulings and decree were filed. It is true, as the plaintiff argues, that such conduct would ordinarily bar the defendants from relief. See *Perreault* v. *Lyons*, 98 N. H. 317; Superior Court Rule 57, 99 N. H. 617. However, here the Court vacated findings made at the defendants' request following the first hearing, and by amending its decree awarded the plaintiff approximately twice as much as it had originally. In view of this we believe fairness requires that we consider the defendants' exceptions.

Their first contention that there was insufficient evidence upon which to base a finding of the earning capacity of the plaintiff after the accident does not require extended consideration. The record shows that the Court had a complete picture of the plaintiff's previous work history, his education and training, his capacity to work after the accident, the sort of work he was doing, the nature and degree of the injury to his back, its effect on his activities, and his earnings past and present. This is adequate evidence to support the Court's finding. *Hill* v. *Company*, 96 N. H. 14, 17; *Dowling* v. *Shattuck*, 91 N. H. 234, 241-242. By the same token, the Court could fairly estimate the loss of his capacity to earn as a result of the accident. *Peak* v. *Company*, 87 N. H. 350, 352. In so doing, the Court was required to exercise its judicial discretion. *Dunbar Fuel Co.* v. *Cassidy*, 100 N. H. 397, 403. In this connection, it might properly consider the plaintiff's lack of education and experience, the limiting effect upon his activities of the back injury, and in its consideration the Court was entitled to use its "general knowledge . . . as a basis of reasonable forecast." *Vallee* v. *Company*, 89 N. H. 285, 289. Its determination of the plaintiff's earning capacity is "not made conjectural because [more] direct evidence concerning it is not introduced." *Dunbar Fuel Co.* v. *Cassidy*, 100 N. H. 397, 403. Neither is its validity affected because it bore close relation to his actual earnings. *Desrosiers* v. *Company*, 98 N. H. 424, 426. It appears to us that the figure the Court reached was well within the bounds of reason and the defendants' exceptions on the grounds that the plaintiff failed to sustain his burden of proving his loss of earning capacity are overruled.

The defendants further argue that the Court erred in finding that partial disability would continue for the maximum period

permitted by the statute (RSA 281:25; see also, *Bolduc* v. *Company*, 97 N. H. 360, 368), or in this case, for 249 weeks, after deduction for previous payments for 70 weeks. There was medical evidence that the plaintiff's physical disability of twenty per cent was permanent. This was not disputed by the defendants. Considering the plaintiff's work history, his condition, the wages he could probably command and other relevant factors, as was the Court's privilege (*Hill* v. *Company*, 96 N. H. 14, 17), no reason appears why its estimate of probable future losses was not proper, and it follows the defendants' exceptions thereto cannot be sustained. *Vallee* v. *Company*, 89 N. H. 285, 289. Moreover RSA 281:25 provides that payments shall not continue after the disability for work ends. *Cassidy* v. *Company*, 98 N. H. 441.

The final questions presented by the record are of first impression here and consist of the plaintiff's exceptions to the failure of the Court to allow interest at the statutory rate on the compensation due from the date when each installment became payable, and to the refusal to allow expenses for counsel fees and expert medical testimony. Although it is true, as the plaintiff claims, that a liberal interpretation has always been given our law, as obviously in accord with the legislative intent, we are faced with the further proposition that where the legislative intent is not expressed or fairly to be implied, it is not our province to supply it. Our compensation law (see RSA 281:39, 45), contains nothing express nor from which we think it may fairly be implied that the Legislature intended either interest or counsel and medical witness fees to be paid by the defendant in such case. Decisions in other jurisdictions, depending on different statutes and policies, are not controlling here. *Cf. Parker* v. *Brinson Construction Co.* (Fla.) 78 So. (2d) 873. While conceding the force of the plaintiff's argument, "the stark fact remains that the remedy for this situation is legislative and not judicial." *Prassas* v. *Company*, 100 N. H. 209, 211. This appears to dispose of all exceptions of merit and the order is

*Decree affirmed.*

All concurred.