Grafton,
No. 5280.

PETITION OF DANA L. GRAHAM.

Argued November 4, 1964.
Decided December 30, 1964.

*Mack M. Mussman* (by brief and orally), for the plaintiff.

*William Maynard,* Attorney General, and *George S. Pappagianis,* Deputy Attorney General (*Mr. Pappagianis* orally), for the State of New Hampshire.

BLANDIN, J. The parties have agreed upon the following material facts:

Dana L. Graham, aged nineteen, appeared with counsel before the municipal court of Lincoln on September 16, 1963 on a complaint charging him with reckless operation of a motor vehicle. He pleaded not guilty. After hearing he was adjudged guilty and sentenced to pay a fine of $100, $25 suspended and a suspended sentence of 60 days in the house of correction. No appeal was taken.

On May 4, 1964 the defendant appeared without counsel before the Lincoln municipal court on a complaint charging him with a stop sign violation and crossing a yellow line. He was found not guilty of the stop sign charge and entered a plea of guilty to the yellow line violation. RSA 262-A:21 (supp). He was sentenced to pay a fine of $20. RSA 262:28 (supp).

At the time of this hearing the justice of the municipal court imposed a $25 fine and a sentence of 20 days in the house of correction on the suspended sentence of September 16, 1963 and the defendant was committed.

On May 13 following, he was released upon his own recognizance, pending the outcome of the present petition of certiorari.

The Court transferred the following questions:

"1. Did the Municipal Court of Lincoln have the right at the hearing on May 4, 1964, to impose a fine of $25.00 and a sentence of 20 days on the sentence of September 16, 1963, which had been suspended?

"2. Is a motion to bring forward, with notice to the defendant and hearing, necessary before the suspended sentence of September 16, 1963, or any part thereof, can be imposed?

"3. Was the sentence of September 16, 1963, so worded as to allow the Municipal Court to impose the sentence of May 4, 1964?

"4. Was the sentence imposed on May 4, 1964, in accordance with due process and for sufficient cause as a matter of law?

The situation here is that the defendant has been ordered to serve a portion of a sentence passed upon him after a fair trial, wherein he was represented by counsel and adjudged guilty on September 16, 1963, and from which he took no appeal. No

question is raised as to the legality of this trial or the sentence originally imposed as a result of it.

The third question, which in logical order it seems proper to discuss first, is whether the sentence of September 16, 1963 was so worded as to permit the execution of a portion of it by the order of May 4, 1964. The sentence imposed in 1963 reads that the respondent was "adjudged guilty and sentenced to pay a fine of $100.00 $25. of which was suspended. There was a Suspended Sentence of sixty days in the house of correction." No intention on the part of the court to strip itself of jurisdiction to make such further orders as justice might require is either expressed or implied in the sentence of September 16, 1963. Our long established law is that, subject to the three-year limitation which is inapplicable here (RSA 607:12), the court had the power to execute the 1963 sentence whenever it chose to do so. *Sylvester* v. *State*, 65 N. H. 193; *State* v. *Drew*, 75 N. H. 402. See also, *State* v. *Valrand*, 103 N. H. 518, for a thorough discussion of this subject, which need not be repeated here. The court retained the power to order execution at any time within the three-year limitation of all or a part of the 1963 sentence and this power remained unimpaired. *Carpenter* v. *Berry*, 95 N. H. 151; *Couture* v. *Brown*, 82 N. H. 459. From the above discussion it follows that the answer to both the third and first questions is yes.

The second and fourth questions, in substance, are whether a motion to bring forward with notice to the defendant and hearing was necessary before the suspended sentence of September 16, 1963 or any part could be imposed, and whether "the sentence imposed on May 4, 1964 [was] in accordance with due process and for sufficient cause as a matter of law." The suspension of the 1963 sentence with or without conditions, as was the subsequent order on May 4, 1964, that only a portion of it be executed, was a favor to the defendant. *Carpenter* v. *Berry, supra.* A motion to bring forward was not necessary before the suspended sentence of September 16, 1963, or a portion of it, could be invoked in order to afford the defendant due process. *Couture* v. *Brown, supra; Carpenter* v. *Berry, supra.* The answer to the second question is no and to the fourth question is yes.

In summary, the sentence of which the defendant complains rests upon a conviction on September 16, 1963, after a trial in which the defendant, represented by counsel, was found guilty

and from which he took no appeal. Its imposition was lawful. The order is

*Remanded.*

All concurred.