Keene District Court
No. 6921

JOHN DOE v. STATE OF NEW HAMPSHIRE

November 22, 1974

*New Hampshire Legal Assistance (Mr. H. Neil Berkson)* by brief and orally for the plaintiff.

*Warren B. Rudman,* attorney general, *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State of New Hampshire.

GRIFFITH, J. On September 27, 1971, the defendant, then eighteen years old and now referred to by agreement as John Doe, pleaded guilty in the Keene District Court, "to willful concealment of a ping-pong ball of the value of seventy-nine cents" in violation of RSA 582:15 and was fined $25 with $10 of the fine suspended. On January 28, 1974, the defendant requested the court to annul and vacate the record of conviction and sentence under the provisions of RSA 651:5 (Supp. 1973) part of the new criminal code, effective November 1, 1973. The county attorney and the State probation officer both assented to the annulment of the record but the attorney general's office expressed doubt that RSA 651:5 (Supp. 1973) could be used to annul a record of conviction prior to November 1, 1973, the effective date of the criminal code. The Keene District Court *(Davis, J.)* reserved and transferred the following question without ruling. "Does a District Court have the authority to annul and vacate a record of conviction and sentence imposed prior to November 1, 1973?"

The State concedes that to apply the annulment provision to defendant's conviction and sentence prior to the effective date of the statute would not be a retrospective law in violation of part I, article 23 of the New Hampshire constitution. "The only object of this clause in the bill of rights was to protect individuals against unjust and oppressive punishment. Therefore, while it withholds the power to make retrospective laws for the punishment of offenses, it leaves to the legislature the power to make such laws, at its discretion, for the mitigation of punishment." *Woart v. Wimick,* 3 N.H. 473, 476 (1826); *Clark v. Clark,* 10 N.H. 380, 388 (1839); *State v. Arlin,* 39 N.H. 179, 180 (1859).

The State urges, however, that the legislative intent was to have RSA 651:5 (Supp. 1973) apply only to convictions and sentences under the criminal code. We find no intent in the statute to deny defendants whose sentence and conviction occurred prior to November 1, 1973, the benefits of

RSA 651:5 (Supp. 1973). The code provides that it shall not be construed strictly but "to promote justice". RSA 625:3 (Supp. 1973). A person prosecuted for an offense committed prior to the effective date of the code but sentenced after the code became operative may, at his election, be sentenced either under the prior law or the code. RSA 625:2-II (Supp. 1973). If the argument of the State were accepted the benefits of annulment would be available only to the defendant sentenced under the code, hardly a result calculated to promote justice. In addition the legislative history indicates an intention to broadly confer upon qualified defendants the opportunity to remove the stigma of a conviction. N.H.S. Jour. 1641-46 (1971). Accordingly, we answer the question transferred in the affirmative. *See State v. Morey,* 103 N.H. 529, 530, 176 A.2d 328, 330 (1961).

Although the question transferred related solely to the retrospective application of RSA 651:5 (Supp. 1973), the State in its brief argues that even were the statute given retroactive application the sentence of a fine is not permitted to be annulled by the terms of the statute. Since a literal reading of the statute supports this contention and would prevent action by the district court, we are obliged to consider it. RSA 651:5 I provides that if a person has been sentenced to "probation or conditional discharge" and has complied with the conditions of his sentence, he may at any time apply for an annulment of the record. RSA 651:5 II provides that a person sentenced to an unconditional discharge who has been convicted of no other crime except a traffic offense during a two-year period following such sentence may then apply for annulment. The State points out that a fine is neither probation nor a conditional or unconditional discharge and so the defendant is not entitled under the terms of the statute to seek annulment.

If the case were being considered as of the date of the original application to the district court on January 28, 1974, the State's contention would be difficult to contradict. However, three years have now passed since the conviction and sentence of September 27, 1971, and the defendant, because of his age at the time of his conviction, is entitled to the application of RSA 651:5 III (Supp. 1973). This section

of the statute provides that if a "person under twenty-one years of age at the time of his criminal act is sentenced to imprisonment and in a three-year period following his release has been convicted of no other offense except a traffic offense, he may, at any time after such three-year period, apply to the court in which the original sentence was entered for an order to annul the record of conviction and sentence."

RSA 582:15, the statute under which the defendant was sentenced, provides alternative punishments of a fine of not more than one hundred dollars or imprisonment of not more than six months in jail. The criminal code provides that a person convicted of a felony or misdemeanor "may be sentenced to imprisonment, probation, conditional or unconditional discharge, or a fine." RSA 651:2 I (Supp. 1973). The literal reading of RSA 651:5 I, II, III (Supp. 1973) urged by the State would result in depriving a defendant receiving at the discretion of the judge, the lesser sentence of a fine rather than imprisonment the benefits of annulment available to the defendant sentenced to imprisonment. "No sound reason of policy or otherwise for such unfair discrimination is advanced, and none is perceived. It has long been settled here that our court will not interpret a statute so as to produce an unjust and seemingly illogical result." (Citations omitted.) *General Electric Co. v. Dole Company,* 105 N.H. 477, 479, 202 A.2d 486, 488 (1964).

In the interpretation of a statute the intention of the legislature expressed in the statute is the touchstone to its meaning and its legislative history a valuable aid in ascertaining the intended meaning. *Plymouth School Dist. v. State Bd. of Educ.,* 112 N.H. 74, 77, 289 A.2d 73, 75 (1972). In urging the adoption of the annulment sections of the criminal code, Senator Nixon made the following statement. "If you not only convict a fellow, sentence, *fine him,* imprison him and cause him to serve his time and then deny to him for the rest of his life, as we now do, the chance to start anew without this stigma in his records subject to being obtained by anyone to whom he applies for employment, then you are going to indelibly impress upon his mind the fact that the system is unfair, which will give him excuse to again do harm to society." N.H.S. Jour 1643 (1971) (emphasis added). We think

it would clearly do violence to the intent of this statute to deny its benefits to defendants like this one who committed one foolish misdemeanor because the judge sentenced him to a small fine rather than the harsh sentence of imprisonment. A lesser included offense is contained in a charge of a greater offense. *Nichols v. Vitek,* 114 N.H. 453, 321 A.2d 570 (1974), and it does no violence to the language of this statute to hold that the lesser punishment of a fine is included in the greater punishment of imprisonment.

Subsequent to argument in this case, the State was granted permission to file a supplementary brief in which it argued that RSA 651:5 (Supp. 1973) was a constitutionally impermissible encroachment on the Governor's pardoning power. N.H. Const. pt. II, art. 52.

The effect of a pardon is distinct and different from the effect of an annulment under RSA 651:5 (Supp. 1973). It is an act of executive grace completely eliminating all consequences of the conviction, but it does not remove the record of the conviction. *Curtis v. Cochran,* 50 N.H. 242 (1870); Annot., 30 A.L.R.2d 893 (1953); 7 N.H.B.J. 286 (1965). The annulment statute does not affect the sentence, but is only a conditional annulment of the public record of conviction subject to its use by a court in the event of a subsequent offense. *See* RSA 651:5.

The constitution assigns to the legislature the power to enact laws defining crimes and to fix the degree, extent and method for punishment. In addition, the legislature may include or exclude such incidents or conditions as it may deem wise. N.H. Const. pt II, art. 5. The annulment statute is analagous to the delegation to the court of the authority to grant and revoke probation thus exercising its jurisdiction after sentence in aid of the reformation of the convicted. Probation statutes have been construed as being within the prerogative of the legislature and not in conflict with the pardoning power of the executive. *Williams v. State,* 162 Ga. 327, 133 S.E. 843 (1926); *Ex parte Eaton,* 29 Okla. Crim. Rep. 275, 233 P. 781 (1925); *In re Hall,* 100 Vt. 197, 136 A. 24 (1927); Annot., 101 A.L.R. 1402 (1936). Contrary to the attorney general's contention, the Governor's powers have been neither increased nor lessened, neither altered

nor changed. The law giving the judiciary the power to annul the record of a conviction is within the legislative power and is not unconstitutional as an infringement of the prerogative of the Governor to pardon.

*Remanded.*

All concurred.