Rockingham
No. 7272

STATE OF NEW HAMPSHIRE

v.

MILES G. PRATT

June 30, 1976

David H. Souter, attorney general, and Richard B. McNamara, attorney, by brief, for the State.

Miles G. Pratt, by brief, pro se.

PER CURIAM. The issues are: (1) When a prison sentence is validly imposed upon a defendant pursuant to RSA 159:2 (Supp. 1975), must the court set a minimum and maximum sentence in accordance with RSA 651:2 II? (2) When the defendant is validly sentenced to imprisonment under RSA 159:2 (Supp. 1975), should the sentencing court order that the defendant be eligible to earn credits for good conduct under RSA 651:55-b?

The defendant, represented by counsel, pleaded guilty on May 7, 1975, to an indictment charging him with committing armed robbery and in the course of the theft threatening the victim with a ".22 calibre firearm". The Court (Cann, J.) on the same day

sentenced him to the State prison under RSA 651:2 II to not more than seven nor less than three and one-half years. Three years of the minimum sentence was suspended. The court also sentenced the defendant to two years in the State prison under the mandatory provisions of RSA 159:2 (Supp. 1975).

No question is raised as to the legality of the sentence under either of these statutes. However, the defendant asserts that a maximum and minimum must be set on the two-year sentence and that he should be given credit for good conduct on this sentence. On May 31, 1975, the defendant pro se moved for correction of the sentences imposed on May 7 previously, requesting the court to set a minimum under RSA 651:2 II and order that he be entitled to credit under RSA 651:55-b. The justice denied these motions, and from this denial the defendant appealed.

The heading of the chapter containing RSA 159:2 (Supp. 1975) is "Pistols and Revolvers". Section 2 reads as follows: "Carrying by Offenders. If any person shall commit or attempt to commit a crime when armed with a pistol or revolver, he shall, in addition to the punishment provided for the crime, be guilty of a class B felony. For any subsequent offense, any person shall be guilty of a class A felony. The additional sentence of imprisonment hereby provided shall not be served concurrently with any other term; and no part of such additional term of imprisonment shall be suspended. The provisions of RSA 651 relative to parole shall not apply to any sentence imposed pursuant to the provisions of this section."

Chapter 651, headed "Sentences", was amended June 28, 1973, to become effective November 1, 1973. Laws 1973, ch. 370. RSA 651:2 bears the caption "Sentences and Limitations", and the pertinent portions are as follows:

"I. A person convicted of a felony or misdemeanor may be sentenced to imprisonment . . . .

"II. If a sentence of imprisonment is imposed, the court shall fix the maximum thereof . . . and, in the case of a felony only, a minimum which is not to exceed one-half of the maximum . . . ."

RSA 651:55-b is headed "Credits for Good Conduct" and provides that "[a]ny prisoner may by good conduct and obedience to the rules of said prison earn credit against both the minimum and maximum terms of his sentence as follows:

"I. Ninety days for each full year of the minimum term of his sentence, pro-rated for a part of any such year;

"II. In addition to the foregoing, five days for each month of

meritorious service, which may be granted in the discretion of the warden for exemplary conduct".

It is obvious that an apparent conflict exists between RSA 159:2 (Supp. 1975) and RSA 651:2.

The decisive question is: What did the legislature really intend to accomplish by this legislation? *Kinchla v. Baumner,* 114 N.H. 818, 330 A.2d 112 (1974); *Chagnon v. Union-Leader Co.,* 104 N.H. 472, 190 A.2d 721 (1963).

RSA 651:2 so far as applicable here was enacted June 28, 1973, effective November 1, 1973. In accordance with article 44, part II of the New Hampshire constitution it became law without signature of the Governor. Laws 1973, 370:2. RSA 651:55-b I, II was simultaneously enacted on June 28, 1973, effective November 1, 1973. Laws 1973, 370:41.

We take notice of the fact that while legislators in 1973 might have differed as to methods to be employed, their abhorrence of the use of handguns in the commission of crime was universal. No reasonable doubt exists that the legislature was determined to deal severely with persons who committed crimes while armed with such weapons. On July 2, 1973, this intent was plainly and forcibly expressed in Laws 1973, 528:82, now RSA 159:2 (Supp. 1975). It is firmly established that the legislature will not be presumed to have done a futile and useless act or one leading to an absurd result. *State v. Woodman,* 114 N.H. 497, 500, 323 A.2d 921, 923 (1974); *Peterborough Savings Bank v. King,* 103 N.H. 206, 209, 168 A.2d 116, 118 (1961); *Trustees &c. Academy v. Exeter,* 92 N.H. 473, 482, 33 A.2d 665, 671 (1943). That the legislative body would amend an important separate chapter entitled "Pistols and Revolvers", containing seventeen sections, of which section 2 is perhaps the most significant, four days after it had amended what is now RSA 651:2 and which the defendant claims in effect nullifies RSA 159:2 (Supp. 1975), credits it with an act beyond the realm of sober contemplation.

The involved history of RSA ch. 651 indicates that the maximum and minimum term requirements of section 2 II relate to parole under section 37 and following sections and have no application to RSA 159:2 (Supp. 1975). *See* N.H.S. Jour. 1633-34 (June 23, 1971). However, we prefer to rely more upon the palpable absurdity of the assumption that RSA 159:2 (Supp. 1975), enacted four days after RSA ch. 651, was intended to be a nullity. We therefore hold the intent of the legislature was that RSA 159:2 (Supp. 1975) is controlling in the situation before us.

Since it appears this is so, it follows that neither RSA 651:2 II nor RSA 651:55-b is applicable. The sentences and the denial of the defendant's motions to correct them were proper.

The order is

*Exceptions overruled.*