Hillsborough
No. 7526

GENE M. GREGORY

v.

STATE OF NEW HAMPSHIRE,
ROBERT M. DUVALL, COMMISSIONER OF LABOR,
EDWARDS CONSTRUCTION, INC., AND
UNDERWRITERS ADJUSTING COMPANY

January 31, 1977

Gene M. Gregory, pro se, by brief.

*David H. Souter,* attorney general, and *Anne E. Cagwin,* attorney, waived brief and oral argument for the defendant commissioner.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester, and *James S. Yakovakis* (*Mr. Yakovakis* by brief), for the defendants Edwards Construction, Inc., and Underwriters Adjusting Company.

PER CURIAM. The question presented is whether the plaintiff is entitled under RSA 281:40 (Supp. 1975) to a review by the labor commissioner of the plaintiff's workmen's compensation award more than five years after the plaintiff had accepted the last lump-sum payment. The Trial Court (*King,* J.) dismissed the plaintiff's appeal from the labor commissioner's denial of the plaintiff's petition for review, and the plaintiff excepted.

The plaintiff does not dispute the fact that he had received his last lump-sum payment more than five years before he filed his petition for review, but he asserts that he accepted all the payments under duress.

The list of grounds entitling a person to petition for a review of an award by the labor commissioner and the time within which the grounds may be presented by petition are set forth in RSA 281:40 (Supp. 1975): "Any party in interest . . . may petition the labor commissioner to review . . . an award . . . by a petition filed . . . not later than the fourth anniversary of the date of . . . the last payment of compensation under such award . . . upon the ground of . . . undue influence, or coercion."

The trial court's dismissal of the plaintiff's appeal as one barred by RSA 281:40 (Supp. 1975) was a correct application of the statute to the facts of record.

The right to compensation is purely statutory and, while the legislation is to be liberally construed, we cannot read words into it which the legislature did not see fit to insert or which directly contradict its plain language. *Prassas v. Company,* 100 N.H. 209, 123 A.2d 157 (1956); *Latour v. Producers Dairy,* 102 N.H. 5,

148 A.2d 655 (1959). *See also Hanchett v. Brezner Tanning Co.,* 107 N.H. 236, 221 A.2d 246 (1966). An examination of the entire record, including the transcript, discloses no error and the order is

*Exceptions overruled.*