Strafford
No. 7569

STATE OF NEW HAMPSHIRE

v.

JOHN DOE

March 31, 1977

*David H. Souter,* attorney general, and *Robert V. Johnson II,* assistant attorney general, by brief, for the state.

*Fisher, Parsons, Moran & Temple,* of Dover, by brief, for the defendant.

PER CURIAM.  Petition under RSA 651:5 to annul the record of convictions of the defendant after pleas of guilty to three indictments. On one indictment the defendant was "sentenced to the New Hampshire State Prison for a term of not more than three years, nor less than one year and one day. This sentence is to be served in the Strafford County House of Correction. Upon release, the defendant shall be placed on probation for one year." On the other two indictments the cases were marked "continued for sentence."

With respect to the first case the court ruled that the provisions of RSA 651:5 I were inapplicable because the defendant received a sentence of both imprisonment and probation, and that RSA 651:5 III could not apply because it was stipulated that the defendant was over twenty-one years old when he committed the acts. Transferred by *Mullavey,* J.

The defendant argues that where a person has received a sentence of both imprisonment and probation, the provisions of RSA 651:5 I are applicable.

This provision reads as follows: "If a person who has been sentenced to probation or conditional discharge has complied with the conditions of his sentence, he may, at the termination of the sentence or at any time thereafter, apply to the court in which the original sentence was entered for an order to annul the record of conviction and sentence." However, RSA 651:5 III provides for application to annul a record where imprisonment was imposed only in instances where the defendant was under twenty-one at the time he committed the criminal act.

The defendant argues that we should interpret the statute in a "liberal manner" and that the logical result of such treatment is that if any element of the sentence falls within the category permitted by RSA 651:5, then the defendant is entitled to avail himself of its provision. He cites *Doe v. State,* 114 N.H. 714, 328 A.2d 784 (1974), as authority for his position. In that clearly distinguishable case, not only was the defendant under twenty-one when he committed the criminal act, but the opinion is barren of any authority which would permit us to ignore the unequivocal language of RSA 651:5 III.

It is too well established to require elaboration that where a purely statutory remedy, such as in this case, is concerned, courts can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include. "Our task is to construe the criminal code provisions according to the fair import of their terms and to promote justice." *State v. Partlow,* 117 N.H. 78, 369 A.2d 221 (1977); *State v. McPhail,* 116 N.H. 440, 442, 362 A.2d 199, 200 (1976). *See also Gregory v. State,* 117 N.H. 62, 369 A.2d 181 (1977). Furthermore, to treat a lesser offense, where only probation was violated, the same as a greater one, where the sentence included both probation and imprisonment, would not be "to promote justice," but would produce an "unjust and seemingly illogical result." It is not to be presumed that such was the legislative intent. *Doe v. State,* 114 N.H. 714, 717, 328 A.2d 784, 786 (1974).

The final issue raised by the defendant is whether the court has jurisdiction to annul the convictions in the two cases which were marked "continued for sentence." We hold that no such jurisdiction exists. "Continued for sentence" is by no means an unconditional discharge as required by RSA 651:5 II before an annulment can be granted in such situations as this. From early times the purpose of such marking has been to enable the court to bring forward the case at a later date if justice so requires, and thereby presumably serve also to restrain the defendant from further criminal conduct. *See Sylvester v. State,* 65 N.H. 193, 20 A. 954 (1889); *Petition of Graham,* 106 N.H. 118, 206 A.2d 237 (1964). The 1975 amendment to RSA 504:1 (Supp. 1975), which provided in part that "[a]ny court shall have the power to continue for sentence" is merely a codification of the long established common law rule. To adopt the defendant's position in such a case as the one before

us would also mean that all convictions and records where the marking is "continued for sentence" could be annulled under RSA 651:5 V. This would clearly bring about a result never intended by the legislature and therefore cannot be done. *State v. Pratt,* 116 N.H. 385, 359 A.2d 642 (1976). *See also Doe v. State,* 114 N.H. 714, 328 A.2d 784 (1974).

*Exceptions overruled.*