Hillsborough
No. 7972

THE STATE OF NEW HAMPSHIRE

v.

RICHARD ROE

October 30, 1978

*Thomas D. Rath*, attorney general (*Richard B. McNamara*, assistant attorney general, orally), for the State.

*Leonard, Prolman, Gall, Shapiro & Jordan, P.A.*, of Nashua (*Joseph Gall, Jr.*, orally), for the defendant.

BROCK, J.    Appeal from orders of the Superior Court (*DiClerico*, J.) denying, on jurisdictional grounds, defendant's petition to annul record of conviction and defendant's subsequent motion to have sentence imposed on cases that had been marked "Continued for Sentence."

In May 1968, the defendant, then less than 21 years old, pled guilty to five indictments in the Hillsborough County Superior Court. On one indictment, for passing a worthless check of $125., the matter was marked "Continued for Sentence." The defendant made restitution for the full amount and was placed on probation for two years. The remaining indictments for burglary, breaking and entering, and false pretenses were marked "Continued for Sentence." No sentence has been imposed on any of these five indictments during the intervening ten years. On March 7, 1977, the defendant, relying upon RSA 651:5, filed a petition seeking annulment of all five convictions.

Following this court's decision of March 31, 1977, in *State v. Doe*, 117 N.H. 259, 372 A.2d 279 (1977), that "continued for sentence" was not a disposition entitling a person to seek annulment of a conviction under RSA 651:5(I), the defendant moved that all five indictments be brought forward and that some retroactive sentence be imposed so that the petition for annulment would lie. Following a hearing, both the petition and the motion were denied in May 1977 and defendant's exceptions were noted. Because the court dismissed the petition, relying on *State v. Doe supra*, the merits of the petition to annul are not now before us.

With respect to the defendant's motion to have his convictions brought forward for sentencing, the trial court ruled as follows: "Motion denied on the ground that the Court lacks jurisdiction to grant the relief requested for the reason that the statutory limitations for the offenses have run." The statute of limitations relating to criminal offenses, now RSA 625:8, limits only the period during which the State may commence a prosecution and was tolled in the present case when the indictments were returned against the defendant in 1968. We find nothing in our statutes or relevant prior decisions which would support the conclusion that either the expiration of time limitations for prosecutions or the passage of the

maximum period of imprisonment provided for particular offenses deprives the court of jurisdiction to bring forward convictions which have been marked "continued for sentence" for imposition of sentence. The practice of marking a case as continued for sentence "enable[s] the court to bring forward the case at a later date if justice so requires, and thereby presumably serve[s] also to restrain the defendant from further criminal conduct." *State v. Doe*, 117 N.H. at 261, 372 A.2d at 281. In codifying the court's power to continue for sentence, the legislature imposed no time limitations comparable to those for probation and conditional discharges. RSA 504:1; RSA 651:2 V, VI.

We hold that where as here a defendant requests that his cases be brought forward for imposition of sentence in order that he may have standing to file a petition for annulment under RSA 651:5, the trial court has jurisdiction to grant the relief requested.

On the facts presented here, however, little purpose would be served by imposing a retroactive sentence merely to render the defendant eligible to present a petition for annulment. In the case before us, absent consecutive sentencing, the defendant would have been released more than three years ago from the maximum term of imprisonment which could have been imposed for any of his convictions. Unlike the defendant in *State v. Doe*, 117 N.H. 259, 372 A.2d 279 (1977), the defendant here was under twenty-one years of age at the time of his conviction and if he had actually been imprisoned could seek an annulment under RSA 651:5 III. While that section on its face applies only to young persons sentenced to imprisonment, we have previously held that

> it would clearly do violence to the intent of this statute to deny its benefits to defendants like this one. . . . [I]t does no violence to the language of the statute to hold that the lesser punishment . . . is included in the greater punishment of imprisonment.

*Doe v. State*, 114 N.H. 714, 718, 328 A.2d 784, 786–87 (1974). While a marking of "continued for sentence" may not invariably be meant as the least onerous punishment, it is fair to assume that where no request for imposition of a period of imprisonment or sentence has been made by the State for many years following the conviction, it may be treated as a lesser included punishment for purposes of RSA 651:5 III.

Our holding furthers the purpose of the annulment statute to afford an offender, especially a youthful offender, "a chance to start

anew without this stigma in his records." N.H.S. Jour. 1643 (1971) *quoted* in *Doe v. State*, 114 N.H. at 717, 328 A.2d at 786. *See also* Federal Youth Corrections Act, 18 U.S.C. § 5021 (1964). It does not unduly broaden the class of persons eligible to present petitions for annulment under RSA 651:5 III, because such petitions cannot in any event be brought in the three years immediately following conviction. The court considering the merits of the petition for annulment may of course take the defendant's conduct since the conviction and the length of time elapsed since a case was "continued for sentence" into account in determining whether an annulment "will be consistent with the public welfare." RSA 651:5 V.

Reversed and

>*Remanded for consideration of the merits of the petition to annul.*

GRIMES, J., did not sit; the others concurred.