Merrimack
No. 80-007

THE STATE OF NEW HAMPSHIRE

v.

ROGER M.

January 28, 1981

*R. John Roy,* of Manchester, by brief and orally, for the defendant.

*Gregory H. Smith,* acting attorney general (*Richard C. Nelson,* assistant attorney general, on the brief and *Peter W. Mosseau,* attorney, orally), for the State.

BROCK, J.  The sole issue presented on appeal is whether RSA 651:5 allows the superior court to annul the record of conviction of a defendant who was over the age of twenty-one at the time of the offense and whose sentence included a fine and a suspension of license, in addition to a one-year conditional discharge. The Superior Court (*Souter,* J.) ruled that the statute does not provide for the annulment of a record of conviction under these circumstances. For the reasons which follow, we reverse.

On January 26, 1978, the defendant, Roger M., was arrested and charged with operating a motor vehicle under the influence of intoxicating liquor. (RSA 262-A:62.) In accordance with Rule 2.14 of the District and Municipal Court Rules, the defendant waived presentation of evidence by the State, entered a plea of not guilty

and was found guilty. The defendant appealed to the superior court. In November 1978, after plea negotiations between his counsel and the county attorney, the defendant entered a plea of guilty. The Superior Court (*Contas*, J.) followed the recommendation agreed upon by the prosecutor and defense counsel and imposed the following sentence: $150 fine with $100 suspended; $5 penalty assessment; sixty days suspension of operator's license; and one year conditional discharge.

In September 1979, the defendant filed a petition in the superior court to annul his record of conviction and sentence, under RSA 651:5 I. On December 13, 1979, the Superior Court (*Souter*, J.) dismissed the petition, ruling that RSA 651:5 does not provide for annulment of a record of conviction when the sentence of a defendant, who is over the age of twenty-one at the time of the offense, includes both a fine and a conditional discharge. Defendant's motion for rehearing was denied and defendant appealed to this court.

RSA 651:5 authorizes the original sentencing court to annul records of criminal convictions and sentences under certain circumstances. *See generally* Gough, *The Expungement of Adjudication Records of Juvenile and Adult Offenders: A Problem of Status*, 1966 WASH. U.L.Q. 147, 162–68; Comment, *Application of New Hampshire's Criminal Annulment Statute, N.H. Rev. Stat. Ann. 651:5: Doe v. State*, 17 N.H.B.J. 92 (1975).

RSA 651:5 I provides that "a person who has been sentenced to probation or conditional discharge" and "has complied with the conditions of his sentence" may have the record of his conviction annulled at the termination of his sentence.

The State argues, however, that the defendant cannot rely on RSA 651:5 I because *Doe v. State*, 114 N.H. 714, 716, 328 A.2d 784, 786 (1974), stands for the proposition that persons who are ordered to pay a fine as part of their sentence are not entitled to an annulment of their record. Dictum in *Doe v. State, supra* at 716, 328 A.2d at 786, lends some support to this argument. However, the defendant in that case was not sentenced to a conditional discharge but was ordered only to pay a fine. The State correctly asserts that a fine is not probation or a conditional discharge, but overlooks the fact that the defendant here was nevertheless given a conditional discharge as part of his sentence. Therefore, the question which remains is whether the imposition of a fine in addition to a conditional discharge prevents annulment.

RSA 651:5 I grants authority to annul the record of conviction whenever the sentence includes probation or conditional discharge.

It does not provide that a fine cannot be a part of the sentence. If that had been the intent, the statute would have read "when a person who has been sentenced only to probation or conditional discharge. . . ."

The fact that subsection III provides for annulment when imprisonment is part of the sentence only when the defendant is a minor would prevent an annulment under subsection I when probation is combined with imprisonment for an adult.

The fact that *Doe v. State*, 114 N.H. 714, 328 A.2d 784 (1974), was unnecessarily decided under subsection III does not militate against the result reached here.

The State claims that in order to rely on RSA 651:5 I, a defendant must receive *only* probation or a conditional discharge. In support of this argument, it relies on *State v. Doe*, 117 N.H. 259, 372 A.2d 279 (1977). In that case we held that a person who has been sentenced to both a term of imprisonment and probation does not qualify for an annulment of his record under the statute. That holding, however, was not reached because RSA 651:5 I required such a result, but because we considered RSA 651:5 III the exclusive statutory means of having a record of conviction annulled where a defendant had been sentenced to a term of imprisonment. *State v. Doe*, 117 N.H. 259, 260–61, 372 A.2d 279, 280–81 (1977). RSA 651:5, however, makes no specific reference to persons who have only been fined and given a conditional discharge.

■■■ Similarly, RSA 651:5 III does not expressly provide that a person under the age of twenty-one who is ordered to pay a fine, rather than serve a prison term, can petition to have his record annulled. When that situation came before us, we considered the legislative purpose and intent of the statute and concluded that "it would clearly do violence to the intent of this statute to deny its benefits to defendants . . . who committed one foolish misdemeanor because the judge sentenced him to a small fine rather than the harsh sentence of imprisonment." *Doe v. State*, 114 N.H. 714, 718, 328 A.2d 784, 786–87 (1974). In this case, the defendant was ordered to pay a small fine and was not placed on probation. It would be illogical to conclude that defendants whom the court finds it necessary to give a term of probation may have their records annulled while those who receive only a fine may not, where the trial court expressly included the phrase "conditional discharge" in their sentence. "No sound reason of policy or otherwise for such unfair discrimination is advanced, and none is perceived. It has long been settled here that our court will not

interpret a statute so as to produce an injust and seemingly illogical result." *Doe v. State*, 114 N.H. 714, 717, 328 A.2d 784, 786 (1974), *quoting General Electric Co. v. Dole Company*, 105 N.H. 477, 479, 292 A.2d 486, 488 (1964). RSA 625:3 requires that the criminal code be construed liberally "to promote justice."

Accordingly, we remand this case to the superior court for it to consider the defendant's petition on the merits.

*Reversed and remanded.*

Bois, J., and King, J., dissented; the others concurred.

Bois, J., dissenting:

The defendant, to be entitled to an annulment of his record of conviction, necessarily must satisfy the requirements of RSA 651:5 I which deals with a sentence of probation *or conditional discharge*. He argues that because the trial court included a conditional discharge as one element of his sentence the annulment provisions of RSA 651:5 are applicable to him. I disagree.

In *State v. Doe*, 117 N.H. 259, 372 A.2d 279 (1977), this court rejected a similar argument of a defendant (over twenty-one years of age) who was sentenced to imprisonment and on his release to probation for one year.

We held therein that RSA 651:5 I was not applicable because the sentence contained both imprisonment *and probation*. We further held that "[i]t is too well established to require elaboration that where a purely statutory remedy, such as in this case, is concerned, courts can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include." 117 N.H. at 261, 372 A.2d at 280; *see* 2A C. Sands, Sutherland Statutory Construction § 46.01 (4th ed. 1973).

Although Senator Nixon included the term "fine" as a type of punishment subject to annulment in a speech urging the State Senate to adopt the statute, N.H.S. Jour. 1643 (1971); *see Doe v. State*, 114 N.H. 714, 717, 328 A.2d 784, 786 (1974); the text of RSA 651:5, which the legislature eventually enacted, does not include the word "fine" within any of the categories which provide for an application for the annulment of a record of conviction.

The plain meaning of RSA 651:5 I and II does not provide for an application for annulment of a record of conviction when a court has imposed a fine as part of the sentence, and therefore, I would hold that the defendant herein cannot avail himself of the statute's application.

King, J., concurs in the dissent.