Portsmouth District Court
No. 83-437

THE STATE OF NEW HAMPSHIRE

v.

DANIEL W. MEISTER

August 13, 1984

*Gregory H. Smith*, attorney general (*Robert B. Muh*, attorney, on the brief and orally), for the State.

*Aeschliman & Tober*, of Portsmouth (*Stephen L. Tober* on the brief and orally), for the defendant.

BROCK, J. The defendant appeals from a decision of the Portsmouth District Court (*Flynn*, J.) denying his petition to annul the record of his conviction. We reverse and remand.

On April 6, 1982, the defendant was found guilty of possession of a controlled drug, RSA 318-B:26, I(b)(2) (Supp. 1981), a misdemeanor, and was sentenced to a fine of one-hundred dollars and a one-year conditional discharge. On July 14, 1983, approximately three months after the termination of his sentence, the defendant filed a petition to annul the record of his conviction pursuant to RSA 651:5, I. The New Hampshire Department of Probation, after performing an investigation as required by RSA 651:5, IV, recommended to the court that the defendant's petition be granted. The district court, however, on September 26, 1983, denied the defendant's petition without affording him an opportunity to be heard.

The defendant was subsequently informed by the court that its decision to deny his annulment petition was based upon "the fact that a first offense is necessary to charge a defendant with a second offense, which [carries] an enhanced penalty making the second offense a felony." *See* RSA 318-B:26, I(b)(2) (Supp. 1981). The defendant was further notified of the court's decision not to accept any future annulment petitions "for crimes that carry an enhanced penalty for subsequent convictions."

On appeal, the defendant raises two issues. First, he argues that the district court erred in refusing to consider his petition for annulment based solely upon the fact that RSA 318-B:26, I(b)(2) (Supp. 1981) provides for an enhanced penalty for a second offense. Secondly, he contends that the district court erred in failing to provide him with notice and an opportunity to be heard prior to its denial of his petition.

RSA 651:5, I provides:

"If a person who has been sentenced to probation or conditional discharge has complied with the conditions of his sentence, he may, at the termination of the sentence or at any time thereafter, apply to the court in which the original sentence was entered for an order to annul the record of conviction and sentence."

The defendant accordingly filed his petition with the Portsmouth District Court upon the termination of his sentence. *See State v. Roger M.*, 121 N.H. 19, 424 A.2d 1139 (1981) (RSA 651:5, I allows a court to annul the record of conviction of a defendant whose sentence included a fine in addition to a one-year conditional discharge).

RSA 651:5, V provides, in pertinent part, that "[t]he court shall enter the order applied for under paragraph I . . . if in the court's opinion the order will assist in the applicant's rehabilitation and will be consistent with the public welfare." This enactment mandates the exercise of the trial court's discretion in deciding whether to grant a petition for an annulment. In exercising this discretion, the trial court must determine, based upon a thorough review of the unique circumstances surrounding each defendant's petition, whether granting the requested annulment will "assist in the [defendant's] rehabilitation" and also be "consistent with the public welfare."

In the instant case, the trial court refused to grant the defendant's petition, based solely on the fact that a second conviction for the same offense carried an enhanced penalty. We find that the trial court, in applying this blanket prohibition and thereby summarily denying the defendant's petition, abused its discretion by failing to exercise the discretion explicitly conferred upon it by RSA 651:5, V. *See State v. Goding*, 124 N.H. 781, 784, 474 A.2d 580, 581 (1984).

The fact that a defendant has been convicted of a crime for which the legislature has provided an enhanced penalty for a second offense is a factor which may be considered by a trial court in determining whether to annul the defendant's record of conviction. It cannot, however, absent a specific mandate of the legislature, be the *sole* determinative factor.

Such a mandate appears, for example, in RSA 265:82, IV, where the legislature explicitly stated that:

> "*Notwithstanding the provisions of RSA 651:5, no court shall order an annulment* of any record of conviction of driving or attempting to drive a vehicle upon any way while under the influence of intoxicating liquor or any controlled drug pursuant to paragraph I *until 7 years after the date of conviction.*"

(Emphasis added.) The legislature, by enacting this provision, precluded any court from even considering a petition to annul the

record of a conviction obtained under RSA 265:82 until seven years after the date of the conviction. Unlike RSA 265:82, however, neither the provisions nor the legislative history of RSA 318-B:26 (Supp. 1981) contain a similar prohibition.

If we were to affirm the decision of the trial court, we would, in effect, be precluding all individuals convicted under RSA 318-B:26, I(b)(2) (Supp. 1981) or any similar statute from *ever* obtaining an annulment of their record of conviction, based solely on the possibility, however slight, that they might one day commit a second offense. We do not believe that the legislature intended this result. Rather, in deciding whether to grant an annulment of the record of conviction for such an offense, a trial court must weigh the possibility that an individual might commit a second offense and, because of the annulment, avoid the enhanced penalty provisions of the statute, against the possible rehabilitative value of annulling the defendant's record of conviction and thereby relieving him or her of the disadvantages resulting from a permanent criminal record. A trial court must decide each case based upon a careful review of its own unique facts.

Consistent with this result, we further hold that a trial court, prior to sentencing for an offense for which the legislature has provided an enhanced penalty for a second offense, should require every defendant to attest, under oath, to any prior convictions he may have had for the same offense, including those for which the record of convictions has been annulled. *See* RSA 651:5, V ("upon conviction of any crime committed after [an] order of annulment has been entered, the prior conviction may be considered by the court in determining the sentence to be imposed.") By requiring every defendant to submit this information, prior to sentencing, the trial courts will be able to prevent defendants from continually eluding the enhanced penalty provisions of statutes such as RSA 318-B:26, I(b)(2) (Supp. 1981), by obtaining a series of annulments of which the courts are unaware. Such a procedure will also afford the trial courts with some further assurance that they are considering all of the relevant factors when imposing sentence.

The second issue raised by the defendant concerns his right to a hearing prior to the district court's ruling on his petition for the annulment of his conviction. We need not reach the defendant's due process and equal protection claims because we find that the defendant was entitled to a hearing pursuant to the provisions of RSA 651:5, V.

"When construing a statute, this court will look to both the legislative intent and the objectives of the legislation." *Nazzaro v.*

*Merrimack School Dist.*, 118 N.H. 287, 290, 385 A.2d 230, 232 (1978). Legislative history is a valuable aid in ascertaining the intended meaning of a particular statute. *See Plymouth School Dist. v. State Bd. of Educ.*, 112 N.H. 74, 77, 289 A.2d 73, 75 (1972). A review of the legislative history of RSA 651:5 reveals an intent on the part of the legislature to afford all individuals filing petitions for the annulment of their records of conviction with a hearing in which the court may receive the evidence necessary to determine whether granting the requested annulment would "assist in the applicant's rehabilitation and [also] be consistent with the public welfare."

RSA 651:5 was enacted in 1971 as part of New Hampshire's Criminal Code. (H.B. 620 (1971)). Senator Nixon, when speaking for the bill, noted: "A fellow can have his record expunged only after, in the judgment of the Superior Court judge presiding and *a hearing on the subject* and a report from the probation officer involved, the court finds that the order will assist in the applicant's rehabilitation and will be consistent with the public welfare." N.H.S. JOUR. 1643–44 (1971). Senator Nixon further stated, while addressing the right of an eighteen-to-twenty-year-old criminal defendant to have his or her record annulled, that:

> "The record would be expunged if, *after a hearing* before the Superior Court at which the probation officer's report would be considered and if during the period in question he had no further convictions of anything but minor traffic violations, it was found by the judge . . . that expunging the record would be in the best interest of society, both in terms of the rehabilitation of the individual concerned and also in terms of the public welfare . . . ."

N.H.S. JOUR. 1644 (1971).

In enacting RSA 651:5, the legislature clearly intended the defendant to be afforded a hearing on his petition. By conducting a hearing, a trial court will be further assured that it is aware of all of the relevant factors that should be considered in rendering its decision. A hearing would also provide the defendant with an opportunity to confront adverse witnesses and to establish a record which might, upon a denial of his petition, be necessary for appellate review.

Consistent with the legislative intent behind RSA 651:5, a defendant petitioning for an annulment of his conviction in the *superior* court is always afforded a hearing unless his or her petition is unopposed and the court decides to summarily grant it. Superior Court Rule 108 sets forth the procedure for filing an annulment petition in

the superior court. *See* RSA 651:5, VI. Section 5 of Rule 108 specifically provides:

> "*A hearing shall be scheduled* on each such application at which the person previously sentenced . . . must appear; provided, however, that the Court shall have the right to waive the presence of the applicant . . . and grant the application without a hearing if there is no opposition."

(Emphasis added.) We conclude that the district court should have a similar rule to effectuate the provisions of RSA 651:5. A defendant filing a petition in the district court is also entitled to a hearing.

The legislature, in enacting RSA 651:5, afforded to all individuals, whose sentences fit within the specific categories set forth in paragraphs I, II and III of the statute, an opportunity to obtain an annulment of the record of their conviction. The legislature did not restrict the benefits of this provision solely to those individuals sentenced in the superior court but, rather, simply required that a defendant, when filing a petition for annulment, "apply to the court in which the original sentence was entered for an order to annul the record of conviction and sentence." RSA 651:5, I. The district court, therefore, as an original sentencing court has the power to grant annulments; and in doing so, the district court must, in a manner similar to the superior court, provide all defendants with a hearing. *See* N.H. CONST. pt. II, art. 73-A (Supp. 1983).

We reverse the district court's summary denial of the defendant's petition for the annulment of the record of his conviction and remand the case to the district court for further proceedings consistent with this opinion.

*Reversed and remanded.*

KING, C.J., dissented; SOUTER, J., concurred specially; the others concurred.

KING, C.J., dissenting: I agree with the majority that an individual's petition for the annulment of the record of his conviction should not be summarily denied based solely on the fact that the statutes provide for an enhanced penalty for a second offense. I further agree that a defendant, upon filing such a petition in the district court, should be entitled to a hearing unless his petition is unopposed and the court chooses to summarily grant the request. I find, however, that the defendant, in this case, is not eligible to petition the court to have the record of his conviction annulled.

The defendant was sentenced to a conditional discharge and a fine of one-hundred dollars. For the reasons set forth in the dissent in *State v. Roger M.*, 121 N.H. 19, 22, 424 A.2d 1139, 1141 (1981), I do

not believe that the defendant is eligible, under the provisions of RSA 651:5, I to have the record of his conviction annulled. "The plain meaning of RSA 651:5, I . . . does not provide for an application for annulment of a record of conviction when a court has imposed a fine as part of the sentence, and therefore, I would hold that the defendant herein cannot avail himself of the statute's application" and would accordingly dismiss the petition. *Id.*

SOUTER, J., concurring specially: I agree with the dissent written by Justice Bois in *State v. Roger M.*, 121 N.H. 19, 424 A.2d 1139 (1981). My approval may seem only natural, for I was the trial judge in that case, and the dissenters would have upheld the position I had reached. Personal considerations aside, I still believe those dissenters had the better of the analysis. If they had prevailed, the present case presumably would not be here, for the defendant would be ineligible to seek an annulment of this record.

Nonetheless, I accept the defendant's eligibility to do so on the basis of the majority opinion in *Roger M.* The consequences of what I believe was an unsound conclusion in that case are not serious enough to outweigh the value of *stare decisis.* Given the defendant's eligibility to seek an annulment, I concur with the majority today.