Hillsborough,
Nov. 7, 1933.

GUARD RAIL ERECTORS, INC.

*v.*

STANDARD SURETY & CASUALTY CO. OF NEW YORK.

*J. Morton Rosenblum*, (by brief), for the plaintiff.

*James A. Broderick*, (by brief), for the defendant.

ALLEN, J.   The statute (Laws 1927, *c.* 88, *s.* 1) extends the mechanics' lien law so as to give its benefit to those furnishing labor or materials on public work of construction.   By section 2 it requires the contractor in certain cases to give a surety bond to pay "all who would have liens under section 1," and subjecting the surety to suit by any lienor.   The bond in suit by its terms secured "anyone who, in the absence of this bond, would be entitled to a lien" as provided by the statute cited, and its conditions were that the contractor should perform its contract, pay for all labor and materials furnished in carrying it out, and indemnify the state against liability arising from the contractor's operations.

The defendant's contention is understood to be that the plaintiff was not a lienor, or if one, did not perfect its lien.   It is urged that the plaintiff had no lien because it gave the state no notice of its purpose to claim one before performance of its contract commenced or during or after completion of the contract.   The point is not well taken.   Notice of the lien is of importance to preserve it, but its cre-

ation and existence are not dependent upon notice. The lien arises according to performance of the contract. *Boulia-Gorrell &c. Co.* v. *Company*, 84 N. H. 174, 177, 178.

As to the plaintiff's failure to preserve its lien, the clear purpose of the statute is that the bond shall be security regardless of enforcement of the lien. It definitely requires the bond to be conditioned to pay "all who would have liens" under the section giving them. Preservation of the lien is not in terms called for. It becomes of no consequence if the lien is not to be enforced. There can be no occasion for it when the bond is relied upon for security. Since preservation is useful only for ensuing enforcement and since enforcement is not required, the statute carries no implication that the bond may not be sued upon unless preservation of the lien is shown. Measures to keep the lien alive being of no service if it is not to be enforced, it is enough that there has been a lien. The statute designs to furnish an alternative security to lienors, in general more practically adapted to protect them and at the same time to save the state or municipality from annoyance. The intent to make the bond security for contractors and sub-contractors obtaining liens and thus relieve them from proceeding with their liens, is not open to doubt.

It is said that the bond is given to protect the state. This is true. But it is also given for the benefit of lienors. By the express terms of both the statute and the bond they may bring suit.

The bond in suit conforms with the statute. By its terms it secures lienors. It thus becomes unnecessary to pass upon it as imposing liability beyond that which the statute declares it must assume.

The plaintiff, having acquired a lien, may maintain the action.

*Case discharged.*

All concurred.