Merrimack, }
June 28, 1934. }

AMERICAN BRIDGE COMPANY

*v.*

UNITED STATES FIDELITY AND GUARANTY COMPANY.

*Demond, Woodworth, Sulloway & Rogers* (*Mr. Demond* orally), for the plaintiff.

*Hughes & Burns* (*Mr. Burns* orally), for the defendant.

WOODBURY, J. The condition of the bond in suit is "that suit on this bond may be brought against the surety herein by anyone who, in the absence of this bond, would be entitled to a lien upon state property as provided by chapter 88 of the Laws of 1927." The above chapter of the Laws of 1927, extends the application of P. L., c. 217, ss. 15-24, to those who perform labor or furnish materials or supplies by virtue of any contract for public works with the state or any subdivision thereof; permits and in some cases requires that a bond be given by the principal contractor to the state; and provides that such bond, whenever given, "shall discharge the subcontractor's lien applicable to the parties," giving the lienor recourse only against the principal contractor or his surety.

Section 15 of chapter 217 of the Public Laws expressly provides for such a lien as that claimed by the plaintiff. Had the plaintiff supplied materials for the erection of a bridge for a private owner, there can be no doubt that he would have had a lien upon the property of the owner for the materials which he supplied, and, if he had given the statutory notice of his lien, it would be enforceable. The obvious purpose of chapter 88 of Laws of 1927 is to put those who supply materials for the erection of state property on a parity, in respect to their liens, with those who perform a like service for private owners. Since the plaintiff is one of those who might under the above statutes claim a lien, it is one of the class given a right to sue under the terms of the condition of the bond.

The defendant argues that the plaintiff's failure to give the notice of its lien required in chapter 217 of the Public Laws is fatal to its right to recover in this action. This argument is so fully answered in *Guard Rail Erectors, Inc.* v. *Company*, 86 N. H. 349, that it does not here require discussion.

The fact that the principal contractor has been fully paid by the state is also relied upon as a defence. This argument loses sight of the distinction between the action here brought and one brought to enforce a lien. In cases where suit must be brought by the material-man to enforce his lien, the owner is protected against possible double liability due to default by his principal contractor by the provisions as to notice. Full recovery is only allowed the material-man when he has given notice before he supplied the materials; if notice is not given by him until after the materials have been supplied, then his recovery is limited to such sum as is then or may thereafter become due from the owner to his principal contractor.

These provisions affect the right to recover and the amount of re-

covery which may be had when suit is brought to enforce the lien. When, as here, suit is brought to recover on the bond, the lien having been discharged and the right to sue in enforcement thereof specifically denied, these provisions as to notice are of no effect. The lien exists independent of notice. *Guard Rail Erectors, Inc.* v. *Company, supra.* The existence of a lien but for the bond is the criterion by which the right to sue upon that bond is determined.

It is objected that permitting recovery without notice of the lien against a surety on such a bond as the one here in suit works an unjust hardship on the defendant. Such is not the case. Sub-contractors may be required to give a bond to pay material-men or the principal contractor or his surety may require evidence of payment for materials used before making payment to the sub-contractor.

The case of *Cudworth* v. *Bostwick*, 69 N. H. 536, relied upon by defendant, being a suit to enforce a lien, is not in point.

*Judgment for the plaintiff.*

All concurred.