Hillsborough,
No. 5241.

GENERAL ELECTRIC COMPANY

*v.*

DOLE COMPANY *& a.*

Argued June 3, 1964.
Decided July 17, 1964.

*Hamblett, Kerrigan & Hamblett (Mr. Joseph M. Kerrigan* orally), for the plaintiff.

*Bois & Laflamme (Mr. Maurice P. Bois* orally), for the defendants Caron Construction Co., Inc. and Firemen's Fund Insurance Company.

The Dole Company furnished no brief.

BLANDIN, J.   We consider first the defendants' claim that "It is doubtful that N. H. R.S.A. 447:16 covers the material men of a sub-contractor."   Although stating that the plaintiff General Electric Company "is owed the sum of $40,614.39 for materials furnished to the Dole Company to complete its contract with Caron Construction Company on the Junior High School" in Nashua, the defendants nevertheless assert that the statute does

not cover the plaintiff. They also take the position that the bond given by the surety, Firemen's Fund Insurance Company, "is not as broad as the statute" and therefore this defendant is not obligated to the plaintiff.

Since it cannot seriously be questioned that the provisions of section 16, *supra*, are mandatory and must be read into the bond, it follows that if this section is applicable, the insurance company is liable. *Petition of Keyser*, 97 N. H. 404, 408; see *American Fidelity Co.* v. *Cray*, 105 N. H. 132. The pertinent portions of this section read: "Officers, public boards, agents and other persons who contract in behalf of the state or any political subdivision thereof for the construction . . . of public buildings . . . shall . . . obtain as a condition precedent to the execution of the contract, sufficient security by bond or otherwise . . . conditioned upon the payment by the contractors and subcontractors for all labor performed or furnished, for all equipment hired, including trucks, for all material used and for fuels, lubricants, power, tools, hardware and supplies purchased by said principal and used in carrying out said contract, and for labor and parts furnished upon the order of said contractor for the repair of equipment used in carrying out said contract."

This statute was first passed as Laws 1927, *c.* 88, and its fundamental purpose, which has remained unchanged, was to protect those who furnished labor and materials for public buildings and other public works. *Guard Rail Erector Inc.* v. *Company*, 86 N. H. 349; *American Bridge Co.* v. *Company*, 87 N. H. 62; *Petition of Keyser*, 97 N. H. 404, 407. In construing a similar provision in the Massachusetts statutes (G.L. (Ter. ed.) *c.* 30, *s.* 39), that court reached the same conclusion. *Lock Joint Pipe Co.* v. *Commonwealth*, 331 Mass. 346, 353.

The defendants argue that all the language of section 16 read "together" must mean that while labor and equipment furnished to a subcontractor are covered, yet the only materials within the statute are materials purchased by the prime contractor. To approve such a construction would be to ascribe to our Legislature an intent to deny protection to those who in good faith furnish necessary materials for the construction of public buildings inuring to the public benefit. No sound reason of policy or otherwise for such unfair discrimination is advanced, and none is perceived. It has long been settled here that our court will not interpret a statute so as to produce an unjust and seemingly illogical result. *Peterborough Savings Bank* v. *King*, 103

N. H. 206; *Bourdon* v. *Bourdon*, 105 N. H. 432. Here we believe that to adopt the defendants' narrow concept that RSA 447:16 gives such limited protection as to exclude a subcontractor's materialman, without whose contribution the work could not be completed, is to reach a result not compelled by the phraseology of the statute and to ignore its objective. We decline to take this view and we hold that the materialman of a subcontractor is protected by section 16, *supra.*

The defendants next advance the argument that the notice required by section 17 of the statute was premature because it was given before the completion and acceptance of the work and not within ninety days thereafter. In the case of *New Eng. Culvert Co.* v. *Williams Constr. Co.*, 105 N. H. 235, 238-239 we considered and dismissed such a contention in the following terms: "There is substantial authority for the proposition that a premature filing will satisfy the statutory requirements. With respect to a defense of premature filing it has been tersely stated: 'There is nothing in this contention.'" *Lock Joint Pipe Co.* v. *Commonwealth*, 331 Mass. 346, 353. We see no occasion now to question our previous statement.

The defendants' contention that the claim is "premature" because of an order issued in proceedings pending in the bankruptcy of the Dole Company, the subcontractor, to whom the materials were furnished, does not require extended consideration. If it may be said that the order of the Court enjoining suits against the Dole Company is before us on this record, it also appears that the order has been superseded and the plaintiff has been given authority to join the Dole Company as party defendant in this suit.

Another question raised by the defendants is that the plaintiff must "do equity" and endeavor to enforce a certain guaranty of the Dole account given by a Mr. and Mrs. Pozzy before seeking relief against the defendants. They cite no authority for their position and RSA ch. 447 contains no suggestion that any such procedure is necessary. We perceive no reason to hold that it is required, and we therefore reject this argument.

In conclusion, the defendants finally urge that the plaintiff has failed to sustain its burden of proving that it is the party which actually furnished the materials. An examination of the record convinces us that this claim lacks substance. It could be found that the General Electric Supply Company, which furnished the materials, was merely one of the numerous subdivisions of the

named plaintiff, General Electric Company, and that the latter is therefore the proper party.

What we have decided renders unnecessary consideration of other issues raised, and the order is

*Judgment on the verdicts.*

All concurred.