Merrimack
No. 79-404

NAYLOR PIPE COMPANY

v.

MURRAY WALTER, INC.
AND
UNITED STATES FIDELITY AND GUARANTY COMPANY

October 27, 1980

*Gallagher, Callahan & Gartrell,* of Concord (*W. John Funk* orally), for the plaintiff.

*Hamblett & Kerrigan,* of Nashua (*Randall E. Wilbert* orally), for the defendants.

BROCK, J.   This is a public works construction bond case (RSA 447:16 (Supp. 1979)) in which a subcontractor's supplier is seeking to obtain the benefit of the general contractor's bond. RSA 447:17. The dispositive question raised in this appeal is whether RSA 447:16, :17 require the general contractor's surety to pay the subcontractor's supplier for materials used in a public works project where the general contractor had paid all sums due the subcontractor but because of the subcontractor's bankruptcy the supplier was never paid. We hold that the supplier may recover

under the public works construction bond statutes, RSA 447:16, :17.

The defendant, Murray Walter, Inc., contracted with the State to build a wastewater treatment plant in Franklin. The other defendant, United States Fidelity and Guaranty Company, was Murray Walter's surety on the project. *See* RSA 447:16 (Supp. 1979). Murray Walter contracted with a subcontractor, Pilgrim Industries, Inc., to furnish pipe and other materials for the project. Pilgrim, in turn, ordered certain supplies it needed to fulfill its contract with Murray Walter from the plaintiff, Naylor Pipe Company. Naylor delivered the supplies to Pilgrim which, in turn, delivered the materials to the construction site where they were used in the construction. Murray Walter paid Pilgrim for the materials but Pilgrim never paid the plaintiff. Pilgrim has since become bankrupt.

Prior to the completion of the construction, the plaintiff filed a petition against the defendants to enforce its claim for materials. RSA 447:18. In its petition, the plaintiff alleged that it had complied with the notice requirements of RSA 447:17 by first filing its claim with the secretary of state's office, and further alleged that it was owed $32,110.80 for materials used in the construction of the wastewater treatment facility. The plaintiff next filed its motion for summary judgment (RSA 491:8-a (Supp. 1979)) which, after a hearing, the Superior Court (*Souter*, J.) granted as to the defendant United States Fidelity and Guaranty Company but denied as to the defendant Murray Walter. Both defendants then appealed to this court.

■ Neither in their response to the motion for summary judgment nor on this appeal have the defendants controverted the plaintiff's claim that it complied with the notice procedures of RSA 447:17 or that the plaintiff had indeed supplied materials for the project. Rather, on this appeal the defendants argue that neither a contractor nor its surety should be required to pay a subcontractor's supplier where the subcontractor has been paid in full. Their position is that once the contractor has paid the subcontractor they are without further responsibility. Under the terms of the statute, however, a higher duty is placed on the surety. A condition of the bond mandated by RSA 447:16 (Supp. 1979) is "*the payment by* the contractors and *subcontractors* for all . . . material used . . . by said principal and used in carrying out said contract . . . ." (Emphasis added.) Therefore, under the statute, the materialman of a subcontractor is protected under the general contractor's bond. *General Electric Co. v. Dole*, 105 N.H.

477, 480, 202 A.2d 486, 488 (1964); *see* 72 C.J.S. Supp. *Public Contracts* § 50 (1975). The fact that the subcontractor, Pilgrim, has been fully paid is no defense. *See American Bridge Co. v. Company*, 87 N.H. 62, 174 A. 57 (1934). Had the State not required the bond, the result would hinge on the common-law contractual duties of the contractor. *Cf. Westinghouse Electric v. Electromech, Inc.*, 119 N.H. 833, 838, 409 A.2d 1141, 1144 (1979).

■ We are not persuaded by the defendants' argument that modern business practices have rendered this court's decision in *American Bridge Co. v. Company supra* an anachronism and that, for reasons of public policy, we should overrule *American Bridge*. As we have observed before, the risk of liability for double payment can, when appropriate steps are taken, be avoided. "Sub-Contractors may be required to give a bond to pay materialmen or the principal contractor or his surety may require evidence of payment for material used before making payment to the sub-contractor." *American Bridge Co. v. Company*, 87 N.H. at 64, 174 A. at 58. Our decision in *American Bridge* was based upon the legislature's determination of the appropriate public policy as articulated in the statute. The fundamental purpose of the statute "to protect those who furnished labor and materials for public buildings and other public works" has remained virtually unchanged. *General Electric Co. v. Dole Company*, 105 N.H. 478, 479, 202 A.2d 486, 488 (1964). If public policy now requires a change then the legislature may amend the statute.

■ The defendants' final argument is that RSA 447:5 requires a subcontractor's supplier to give the general contractor notice of his intent to claim the bond's benefits before supplying the material. We disagree. In interpreting the notice requirements of the predecessor of RSA 447:16, :17, this court has consistently held that advance notice to the general contractor is not required. *See Petition of Keyser*, 97 N.H. 404, 409, 89 A.2d 917, 921 (1952); *American Bridge Co. v. Company*, 87 N.H. 62, 174 A. 57 (1934); *Guard Rail Erectors, Inc. v. Company*, 86 N.H. 349, 168 A. 903 (1933). RSA 447:17, and not RSA 447:5, :6, sets forth the applicable notice provisions in public works construction bond cases.

No claim has been made before this court that any genuine issue of material fact exists in this case. We therefore find no error in the trial court's granting of the motion for summary judgment against the defendant United States Fidelity and Guaranty Company. *Arsenault v. Willis*, 117 N.H. 980, 983, 380 A.2d 264,

266 (1977); RSA 491:8-a (Supp. 1979). It is therefore unnecessary for us to consider other issues raised by the plaintiff on this appeal because its right to recover under the bond is upheld.

*Appeal dismissed.*

All concurred.