Carroll
No. 83-407

THE STATE OF NEW HAMPSHIRE

v.

GENE HOWLAND

September 27, 1984

*Gregory H. Smith*, attorney general (*Loretta S. Platt*, assistant attorney general, on the brief, and *Peter W. Mosseau*, deputy attorney general, orally), for the State.

*Andrew P. McEvoy, Jr.*, of Ossipee, by brief and orally, for the defendant.

*Michael R. Chamberlain*, of Manchester, by brief and orally, for Task Force on Child Abuse and Child Neglect, as amicus curiae.

KING, C.J. ██ The question presented is whether a defendant who allegedly abused a child, and subsequently reported the act in "good faith," may be denied immunity from criminal prosecution for the underlying act of abuse under the immunity provisions of the New Hampshire Child Protection Act, RSA 169-C:31 (Supp. 1983). We hold that RSA 169-C:31 (Supp. 1983) extends immunity from criminal prosecution solely to the "making of a report" of abuse, as required by RSA 169-C:29 (Supp. 1983), by those persons "having reason to suspect" child abuse or child neglect, and does not immunize the criminal conduct underlying the report.

The defendant, Gene Howland, was indicted for the aggravated felonious sexual assault of a child under age thirteen. RSA 632-A:2, XI (Supp. 1983). The defendant moved to dismiss the indictment on the ground that he had participated in good faith in the making of a report of the incident pursuant to RSA 169-C:29 (Supp. 1983), and was thus immune from criminal prosecution under the terms of RSA 169-C:31 (Supp. 1983).

At a hearing on the defendant's motion, the prosecuting attorney stipulated that the defendant had in good faith voluntarily reported the information which resulted in the indictment. The Superior Court (*Wyman*, J.) granted the motion to dismiss the indictment, on the asserted basis that the legislative intent of RSA 169-C:31 (Supp. 1983) is to immunize a defendant from any criminal prosecution flowing from his good faith disclosure of child abuse.

The State filed a motion to set aside the superior court order dismissing the indictment. After a hearing, the superior court vacated its earlier order and transferred to this court without ruling, pursuant to Supreme Court Rule 9, the following question:

"May a defendant who participated in good faith in the making of a report pursuant to RSA 169-C be denied immunity from criminal prosecution provided in Section 31 of said chapter because the defendant himself was allegedly involved in the child abuse reported by him, in light of the statutory provision that immunity shall extend to 'anyone participating in good faith in the making of a report pursuant to this chapter'?"

RSA 169-C:31 (Supp. 1983) confers immunity from criminal prosecution on "[a]nyone participating in good faith in the making of a report *pursuant to this chapter*" concerning a case of child abuse or child neglect. (Emphasis added.) This grant of immunity extends to "any liability, civil or criminal, that might otherwise be incurred or imposed." RSA 169-C:31 (Supp. 1983). The second sentence of RSA 169-C:31 (Supp. 1983) confers the "same" immunity on a participant in a subsequent investigation "by the bureau or judicial proceeding resulting *from such report.*" RSA 169-C:31 (Supp. 1983) (emphasis added).

For the reasons outlined in the latter part of this opinion, the terms of RSA 169-C:31 (Supp. 1983) must be read in conjunction with RSA 169-C:29 (Supp. 1983), which defines the class of persons required to report incidents of child abuse or child neglect under the Child Protection Act, RSA chapter 169-C (Supp. 1983). RSA 169-C:29 (Supp. 1983) imposes this duty to report on a number of enumerated individuals who commonly interact with parents and children, including medical personnel, school officials and religious leaders. RSA 169-C:29 (Supp. 1983) also extends the reporting requirement to "*any other person having reason to suspect that a child has been abused or neglected.*" (Emphasis added.)

■ To construe the meaning of RSA 169-C:31 (Supp. 1983), we must determine the intent of the legislature, in enacting the statutory scheme, by reference to the language of the statutory sections themselves. *See In re Robyn W.*, 124 N.H. 377, 379, 469 A.2d 1351, 1352 (1983). We will ascribe to the crucial words of each section their plain and ordinary meaning. *Appeal of John Denman*, 120 N.H. 568, 572, 419 A.2d 1084, 1087 (1980); RSA 21:2.

■■ The plain meaning of RSA 169-C:31 (Supp. 1983) indicates that the legislature intended in clear, specific and unequivocal terms to immunize any person from the criminal liability that may specifically result from his or her act of *making a report* of child abuse or child neglect. The legislature's use of the language "from such report" in the second sentence of RSA 169-C:31 (Supp. 1983) is

definitional, as it reveals that the legislature, by conferring an identical immunity to participants in subsequent investigations of child abuse, intended that the scope of immunity be limited to criminal prosecutions based on the act of making the report alone. RSA 169-C:31 (Supp. 1983) does not say that the immunity shields the conduct which forms the basis of the report.

In enacting RSA 169-C:31 (Supp. 1983), the legislature intended that the statute be applied according to its literal terms; therefore, if the legislature had intended to extend the immunity to the underlying child abuse, it would have expressly done so in the language of the statute. *See Appeal of Public Serv. Co. of N.H.*, 124 N.H. 79, 86–87, 470 A.2d 855, 859 (1983).

Any ambiguity inherent in the first sentence of RSA 169-C:31 (Supp. 1983) is also remedied by resort to other sections of RSA chapter 169-C (Supp. 1983). The legislature's use of the clause "making of a report pursuant to this chapter," in the first sentence of RSA 169-C:31 (Supp. 1983), indicates that the legislature intended the immunity provision to be read as a consistent part of a coherent and unified reporting law, RSA 169-C:29 to :40 (Supp. 1983). Viewing the reporting law, RSA 169-C:29 to :40 (Supp. 1983) of the Child Protection Act as a totality, RSA 169-C:31 (Supp. 1983) must be read together with RSA 169-C:29 (Supp. 1983), which defines those persons required to report under the act; RSA 169-C:30 (Supp. 1983), which sets forth the content of the report required under the act; and RSA 169-C:38 (Supp. 1983), which sets out the obligation of the bureau of child and family services to report instances of child abuse or neglect to the attorney general or county attorney for criminal prosecution.

The class of persons required to report is limited to those individuals, including those persons identified in the statute, "having reason to *suspect* that a child has been abused or neglected." RSA 169-C:29 (Supp. 1983) (emphasis added).

Taking the statutory scheme of RSA 169-C:29 to :40 (Supp. 1983) as a whole, it is clear that the legislature intended that the grant of immunity created by RSA 169-C:31 (Supp. 1983) be limited to only those individuals within the class established by RSA 169-C:29 (Supp. 1983). Thus, the words "person having reason to suspect," which define the class of persons required to report, also define the grant of immunity.

This class of persons who have reason to suspect child abuse, and are thus immune from criminal prosecution for the act of reporting abuse, should be strictly construed. *Cf. In re Brenda H.*, 119 N.H. 382, 385, 402 A.2d 169, 171 (1979) (statutory privileges

relating to confidential communications between physician-patient and psychologist-client are strictly construed).

■ An alleged perpetrator of child abuse cannot, as a matter of law, "suspect" that child abuse is occurring or has occurred for purposes of qualifying for the immunity conferred by RSA 169-C:31 (Supp. 1983). To construe the class immunized by RSA 169-C:31 (Supp. 1983) to include the alleged perpetrators of child abuse would constitute an untenable construction. *See State v. Kay*, 115 N.H. 696, 698–99, 350 A.2d 336, 338 (1975).

In light of this court's historical reluctance to construe our statutes so as to produce unjust or seemingly illogical results, *General Electric Co. v. Dole Company*, 105 N.H. 477, 479, 202 A.2d 486, 488 (1964), we will assume a reasonable interpretation of the reporting law, RSA 169-C:29 to :40 (Supp. 1983), and exclude the perpetrators of child abuse or neglect from the immunity provision, RSA 169-C:31 (Supp. 1983). *See State v. Kay supra.* This interpretation is logical and is also consistent with the remaining sections of the reporting law discussed in the remainder of this opinion. *See* RSA 169-C:30, :38 (Supp. 1983).

The contents of the report set out in RSA 169-C:30 (Supp. 1983) include "the identity of the person or persons suspected of being responsible for such neglect or abuse, and any other information that might be helpful in establishing neglect or abuse or that may be required by the bureau."

The bureau is required to "refer all cases of child abuse or neglect which cause serious bodily injury to a child to the office of the attorney general or to the office of the county attorney for possible criminal prosecution," and the bureau may "report other cases of child abuse or neglect as it deems appropriate to the office of the attorney general or to the office of the county attorney for possible criminal prosecution." RSA 169-C:38 (Supp. 1983).

■ The two sections, RSA 169-C:30 (Supp. 1983) and RSA 169-C:38 (Supp. 1983), read together, clearly express a legislative intent that the bureau use information obtained from reports of child abuse or neglect as a basis for criminal prosecution of the underlying abuse or neglect. An interpretation of RSA 169-C:31 (Supp. 1983) which grants immunity to the perpetrator of the abuse or neglect would be contrary to the whole statutory scheme and purpose of the reporting law. RSA 169-C:29 to :40 (Supp. 1983).

■■ We accordingly hold: (1) that the immunity from criminal prosecution created by RSA 169-C:31 (Supp. 1983) is limited to potential criminal liability resulting from the act of reporting child

abuse or child neglect, and that this immunity does not extend to the underlying abuse or neglect; and (2) that the class of persons entitled to this immunity under RSA 169-C:31 (Supp. 1983) is restricted to those individuals who have reason to suspect child abuse or child neglect, and excludes the perpetrators of abuse or neglect.

The defendant's further argument, that the State's motion to set aside the superior court's order dismissing the indictment was untimely filed, was earlier raised by his motion to dismiss this interlocutory transfer without a ruling. Our order of November 14, 1983, denying the defendant's motion to dismiss the interlocutory transfer, is dispositive of that issue.

Accordingly, for the foregoing reasons, we answer the transferred question in the affirmative.

*Remanded.*

DOUGLAS, J., did not sit; the others concurred.