**STATE of Iowa, Appellant,**

v.

**Onalissa KING, Appellee.**

No. 87–1652.

Supreme Court of Iowa.

Jan. 25, 1989.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., James Smith, County Atty., and Melodee Hanes, Asst. County Atty., for appellant.

Raymond E. Rogers, Acting Appellate Defender, and Barbara M. Anderson, Asst. Appellate Defender, for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, CARTER, and ANDREASEN, JJ.

CARTER, Justice.

The State appeals from a judgment granting the defendant, Onalissa King, immunity from prosecution on charges of child endangerment in violation of Iowa Code section 726.6 (1987). The issue raised is whether the reporting of child abuse or aiding and assisting in a child abuse investigation, when done by the perpetrator of the offense, entitles the perpetrator to claim immunity from prosecution under Iowa Code section 232.73 (1987). We hold that it does not and reverse the judgment of the district court.

The record reveals that soon after the birth of defendant's child, H.K., and continuing for a period of at least five months, the child was pinched, shaken, bitten, slapped and struck by defendant's husband, David King. Although these incidents occurred out of defendant's presence, the defendant observed the signs of injury on the child and knew that her husband had caused them. These actions caused serious injuries to H.K., including a fractured collarbone, three broken ribs, and a broken arm.

Upon observing the swelling resulting from the fracture of H.K.'s arm, defendant took the child to a physician. The physician later reported the child's injuries to the Iowa Department of Human Services. Based on that report, the agency initiated a child abuse investigation. During the investigation, defendant cooperated with child abuse investigators, giving a description of the incidents of abuse to H.K. by her husband and her own knowledge of these events. In addition, she assisted the investigators in photographing the injuries to the child.

Defendant was later charged with two counts of child endangerment in violation of Iowa Code section 726.6(1)(d), (e) (1987). It was alleged in these criminal charges that she had, for a period of time, deprived H.K. of necessary health care and supervision and had, by permitting her husband's actions to continue, knowingly permitted the continuing physical abuse of H.K. Defendant moved to dismiss the charges. The motion to dismiss raised the claim that because defendant had cooperated in the child abuse investigation she is immune from prosecution under the provisions of Iowa Code section 232.73.

The trial court postponed ruling on defendant's motion to dismiss until the jury returned a verdict. The jury found defendant guilty on both counts of child endangerment. In addition to the regular verdict forms, the court submitted a special interrogatory to the jury asking them to determine whether defendant had participated in good faith in making a child abuse report and aiding and assisting in the investigation. The jury answered this interrogatory in the affirmative. Following the return of the verdict and the answers to the special

interrogatory, the court determined that defendant was entitled to immunity under section 232.73 and terminated the prosecution.

The statute upon which the district court relied in granting defendant immunity from prosecution reads as follows:

A person participating in good faith in the making of a report or photographs or X rays pursuant to this chapter or aiding and assisting in an investigation of a child abuse report pursuant to section 232.71 *shall have immunity from any liability, civil or criminal, which might otherwise be incurred or imposed.* The person shall have the same immunity with respect to participation in good faith in any judicial proceeding resulting from the report or relating to the subject matter of the report.

Iowa Code § 232.73 (1987) (emphasis added).

The State, in its argument on appeal, urges that section 232.73 should not be interpreted as immunizing those persons who report or aid and assist in the investigation of their own criminal acts. In considering this claim, we conclude that the issue of statutory interpretation which it presents is not, as defendant suggests, what degree of cooperation will give rise to immunity. Rather, the crucial question to be answered is the meaning to be given the words "shall have immunity from any liability, civil or criminal, which might otherwise be incurred or imposed."

The statement of legislative purpose which accompanied the legislation under consideration is as follows:

to provide the greatest possible protection to victims or potential victims of abuse through encouraging the increased reporting of suspected cases of such abuse, insuring the thorough and prompt investigation of these reports....

Iowa Code § 232.67 (1987). In interpreting criminal statutes, we must consider both the language used and "the object to be accomplished, the evils and mischiefs sought to be remedied, and the purpose to be served." *State v. Newman,* 313 N.W.2d 484, 486 (Iowa 1981).

In considering both the wording of the statute and its avowed purpose, we conclude that the legislature, in enacting section 232.73, only intended to grant immunity from civil or criminal liability which might arise from the act of reporting child abuse or aiding and assisting in the investigation thereof. We are unable to conclude that the statute was intended to immunize perpetrators of child abuse from criminal prosecution simply because they subsequently report their own criminal conduct or aid and assist in the investigation. Support for this interpretation of the statute is found in *State v. Howland,* 125 N.H. 497, 502–03, 484 A.2d 1076, 1077 (1984), in which the court held that a defendant, who reported his own abusive conduct, was not entitled to immunity from prosecution under a similar statute.

Our interpretation of section 232.73 requires that the judgment of the district court be reversed and the case remanded for the entry of appropriate judgment on the verdict of the jury.

REVERSED AND REMANDED.