Merrimack
No. 87-397

EDWARD G. TISHKEVICH

v.

CHRISTINE A. TISHKEVICH

February 6, 1989

*Honey Charlotte Hastings*, of Nashua, by brief and orally, for the plaintiff.

*Upshall, Cooper and Temple P.A.*, of Concord (*Charles S. Temple* on the brief and orally), for the defendant.

JOHNSON, J. The plaintiff appeals from a final order recommended by a Master (*Robert E. Hinchey*, Esq.) and approved by the Superior Court (*Dunn*, J.). The issues presented in this divorce action are whether the trial court erred in (1) the division of property between the parties, (2) the award of excessive child support to the defendant, (3) the failure to award the plaintiff the federal income tax exemption for the child based on his weekly support payments, and (4) the award of alimony to the defendant for an indefinite period. We reverse and remand.

The plaintiff was granted a divorce on July 22, 1987, based on irreconcilable differences causing the irremediable breakdown of the marriage. After the decree was issued, the plaintiff filed a motion for reconsideration, which was denied on September 9, 1987. This appeal followed.

The parties were married on September 16, 1978. There was one child of this marriage, age 8. The plaintiff had been employed as an auditor by the Amoskeag Bank for approximately nine years, earning a net salary of $420 per week. In addition, he was enrolled in a pension plan and a stock option plan. The defendant was employed for four days per week as a receptionist for a dentist. She was earning a net salary of $190 per week. At the time of the decree, the plaintiff was residing with his parents, and the defendant and minor child resided in the homestead.

The parties' only significant assets were their marital home, its furniture and furnishings, and two automobiles. The master ordered joint custody of the minor child. He awarded the defendant primary physical custody and the plaintiff rights of visitation. The master awarded the defendant possession of the marital home and the furniture and furnishings. He made no provision for the plaintiff to receive any interest in this property except that "[i]n the event of a sale [of the home] by mutual agreement, the net proceeds shall be divided equally." The master found the value of the home to be approximately $96,550, so that the equity in the home amounted to approximately $47,000. The plaintiff and defendant were awarded the automobiles they currently were using.

The master awarded the defendant $130 per week for the support of the minor child and $30 per week for alimony, with no limitation on the duration of these payments. The master also ordered the plaintiff to provide health insurance for the wife and child. Finally, he did not make any provision as to which party could claim the child as an exemption for federal income tax purposes.

Turning first to the question of property division, the law is well established that the trial court has broad discretion in deciding property settlement matters in a divorce. *McAlpin v. McAlpin*, 129 N.H. 737, 740, 532 A.2d 1377, 1378 (1987). We will set aside a property division only where a party can demonstrate a clear abuse of discretion. *Grandmaison v. Grandmaison*, 119 N.H. 268, 270, 401 A.2d 1057, 1058–59 (1979). However, in the absence of special circumstances, the trial court should make the award as equal as possible. *Hodgins v. Hodgins*, 126 N.H. 711, 715, 497 A.2d 1187, 1190 (1985). *See generally* RSA 458:16-a, II (Supp. 1988).

The record in this case reveals no special circumstances that would justify the award of virtually all of the marital property to the wife. As noted above, the parties had no significant property assets other than the family home, furniture and furnishings, and the two automobiles. Since there is no triggering mechanism for a sale upon the happening of a certain event (such as the child reaching the age of majority or the defendant and the child moving from the home), the plaintiff's contingent interest in the homestead is virtually nil. The master made no findings and stated no reasons that would justify such a clearly unequal distribution of property. *See Hodgins, supra* at 715, 497 A.2d at 1190. Hence, we hold that there has been an abuse of discretion that requires a rehearing on the matter of property distribution.

Next, we address the issues of child support and the right to claim an exemption for federal tax purposes. The statute then in effect provided for a "reasonable provision" for the support of minor children. RSA 458:17. Since the divorce, child support guidelines have been enacted. RSA ch. 458-C (effective April 30, 1988). Although they were not in effect at the time of the award, these guidelines provide us some indication of whether the master's award was reasonable. The child support ordered in this case, where the mother was employed, was $130 per week. The support guidelines suggest a payment for one child of 25% of net income. Hence, based on the father's income of $420 per week, the guidelines would indicate that $105 per week was equitable. Moreover, under the court's order, the wife's total available income, from her own earnings and the husband's child support and alimony payments, considerably exceeded that of the husband, whose remaining income made it extraordinarily difficult for him to establish an independent household for himself.

■ The record further indicates that the master failed to give consideration to the federal tax consequences in this matter. We hold there has been an abuse of discretion as to the child support award. In reviewing support payments, the court, on remand, should also review the order relating to health insurance to take into consideration the cost of providing such coverage and to adjust the support payments accordingly. *See* RSA 458:17, IX (Supp. 1988).

■ Finally, as to the alimony awarded, the trial court failed to state why alimony should continue indefinitely, when the law is clear that the purpose of alimony is rehabilitative. *See Calderwood v. Calderwood*, 114 N.H. 651, 653, 327 A.2d 704, 706 (1974). The spouse who is awarded alimony is awarded such payments in order to encourage the recipient to establish an independent source of income. *See Henry v. Henry*, 129 N.H. 159, 162, 525 A.2d 267, 269 (1987). In this case the wife had already established herself as employable. The master's failure to explain the basis on which he determined the duration and amount of the alimony award constituted error. RSA 458:19 (Supp. 1987) requires the court to consider such matters as the age, health, vocational skills, employability and other matters regarding the spouse who is to receive alimony. Such an explanation was required, under the particular facts of this case, where the wife was clearly capable of self-support at the time of the decree. We hold that the master erred in his award of alimony.

On appeal, the plaintiff attempted to raise as an issue the fact that the master in this case was not a marital master. Because this issue was not raised at the trial level, we will not review it. *Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983).

The case is reversed and remanded for a rehearing on the issues of property division, child support, federal income tax considerations, and alimony.

*Reversed and remanded.*

BROCK, C.J., did not sit; the others concurred.