Rockingham
No. 89-352

# THE STATE OF NEW HAMPSHIRE

### v.

## HAROLD J. BAIRD

October 19, 1990

*John P. Arnold,* attorney general (*Barbara R. Keshen,* assistant attorney general, on the brief, and *Jeffrey W. Spencer,* attorney, orally), for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. In this appeal from his jury conviction of tampering with a witness or informant, RSA 641:5, II, the defendant, Harold J. Baird, raises two issues for our consideration. He first argues that the State presented insufficient evidence to prove the offense. In addition, Mr. Baird claims that the Superior Court (*Gray,* J.) erred in allowing the disclosure at trial of confidential information in violation of RSA 169-C:25 (Supp. 1989). We find neither of these arguments compelling and therefore affirm the conviction.

In the late summer and early fall of 1988, the New Hampshire Division for Children and Youth Services (DCYS) was called upon to investigate allegations that the defendant had sexually abused his thirteen-year-old daughter. This investigation led to the removal of the child from the home she had shared with her father, brother, and paternal grandmother, and the filing of an abuse or neglect petition in the Plaistow District Court, *see* RSA 169-C:7 (Supp. 1989). At the subsequent hearing, held on November 1, 1988, information which a DCYS social worker had obtained from the daughter was made part of the proceeding. The defendant was present at this hearing and was aware of his daughter's participation in the investigation. He agreed to sign a consent decree admitting abuse of the child, and was prohibited from having any contact whatsoever with his daughter for a period of at least one year.

Roughly two weeks later, however, on November 17, 1988, the defendant drove his twelve-year-old son to school, as he had missed the bus. While in the parking lot of the school, which was also attended by his daughter, Mr. Baird gave the boy several photocopies of a handwritten note and, at the very least, suggested that his son pass them out to the daughter's friends. The note indicated in no uncertain terms that the defendant's daughter had engaged in sexual intercourse with him on numerous occasions. The exceedingly crude language of the note further implied that anyone wishing to have sexual relations with the child need only call her at a referenced telephone number (that of her foster home) and she would readily com-

ply. The son handed the photocopies of this note to some of the children who rode on the school bus with the defendant's daughter and to the daughter herself. When asked at a later date by a DCYS social worker what had possessed him to cause the circulation of the copies, Mr. Baird explained that "he did it to get even with [his daughter] for what she did to him, that he only said what she was saying anyway."

Based on these facts, the defendant was charged with tampering with a witness or informant in violation of RSA 641:5. That statute provides, in pertinent part, that "[a] person is guilty of a class B felony if . . . [h]e commits any unlawful act in retaliation for anything done by another in his [or her] capacity as witness or informant. . . ." RSA 641:5, II. At trial, the State sought to establish the essential element of an "unlawful act" by proving that Mr. Baird had criminally defamed his daughter in violation of RSA 644:11, I, by purposely communicating to others information which he knew to be false and knew would tend to expose the child to public hatred, contempt or ridicule. In order to show that the defendant's daughter had previously acted as a witness or informant against him, the State called the DCYS social worker who gave limited testimony concerning the earlier abuse or neglect hearing. Mr. Baird's own admission concerning his motivation for having the copies disseminated also was presented to the jury to aid in proving the retaliation element of the offense.

At the close of the State's case, however, the defendant moved for dismissal on the ground that the prosecution had failed to prove its case in that it did not establish that Mr. Baird had committed an unlawful act as alleged in the indictment. The trial court denied this motion, and, at the conclusion of the trial, the jury found the defendant guilty as charged. Mr. Baird was sentenced to from three to six years in the State Prison.

On appeal, the defendant insists that the State failed to establish the requisite underlying unlawful act of criminal defamation, specifically claiming that it failed to prove that the statements made by Mr. Baird, alluding to his daughter's willingness to have sexual relations with anyone who telephoned her and requested them, were known by him to be false. In response, the State argues that this issue was not adequately preserved for appeal and should therefore not be entertained by the court at this time. Alternatively, it is the State's position that the evidence presented at trial was sufficient to prove Mr. Baird's guilt beyond a reasonable doubt.

■ It is axiomatic "that this court will not consider issues raised on appeal that were not presented in the lower court." *State v. Laliberte*, 124 N.H. 621, 621, 474 A.2d 1025, 1025 (1984); *see Tishkevich v. Tishkevich*, 131 N.H. 404, 407, 553 A.2d 1324, 1327 (1989); *Perron v. City of Somersworth*, 131 N.H. 303, 305, 553 A.2d 283, 284 (1988). In the present case, defense counsel orally argued his motion to dismiss at the bench at the close of the State's case. He first articulated his position in general terms, explaining that the "defendant would move to dismiss . . . the charge before the court based on the fact that no reasonable jury could even on a reading of the evidence most favorable to the State find beyond a reasonable doubt that Harold Baird committed an unlawful act as alleged in the indictment . . . ." He thus brought to the court's attention his claim that the State had failed to provide evidence sufficient to prove the essential elements of criminal defamation. Defense counsel then went on to focus on the veracity of the note, arguing that although the first part of the note was indeed true (the evidence was clear that the defendant's daughter "did in fact make allegations of sexual intercourse against her father"), the child's testimony "was equivocal as to whether or not the second part of [it] was true."

■ While we do not suggest that defense counsel's presentation exemplifies the specificity with which an issue is properly preserved for appeal, we hold that in this instance the issue was adequately raised below. The trial court's attention was specifically drawn to the element of the offense of criminal defamation pertaining to the truthfulness of the statement. And although defense counsel's arguments did not clearly address the defendant's knowledge concerning the falsity of the contents of the note, his comments did reference quite clearly the daughter's testimony that she did not know if her father knew that she would not have engaged in sexual intercourse with anyone who simply telephoned her and asked for it. Accordingly, although somewhat inartfully accomplished, we hold that the issue was preserved for appeal. *See State v. Judkins*, 128 N.H. 223, 512 A.2d 427 (1986). We therefore go on to address the merits of the defendant's sufficiency of the evidence argument.

■ Mr. Baird contends that the prosecution failed to prove that he knew that the statements made by him were false. In order to prevail on this issue, the burden rests with Mr. Baird "to demonstrate that no rational trier of fact, viewing the evidence most favorably to the State, could have found guilt beyond a reasonable doubt." *State v. Murray*, 129 N.H. 645, 650, 531 A.2d 323, 327 (1987), *quoted*

*in State v. Guglielmo*, 130 N.H. 240, 244, 544 A.2d 25, 28 (1987); *State v. Brown*, 132 N.H. 321, 326, 565 A.2d 1035, 1038 (1989). Having reviewed the record of this case, we conclude that the defendant simply has not met this burden.

While it is true that the prosecution was unable to present to the jury any direct evidence of the defendant's state of mind concerning his knowledge of the falsity of the second portion of the note's contents, it did provide the jurors with ample circumstantial evidence, excluding "all other rational conclusions," *State v. Guglielmo*, 130 N.H. at 245, 544 A.2d at 28, to justify their determination that Mr. Baird knew the statements made by him were untrue. First of all, the record indicates that the defendant's daughter was only thirteen years old at the time the offending copies were distributed. She was in sixth grade and did not maintain an active social life. In fact, as the defendant well knew, she was not allowed to date boys and, except for spending time with a girl friend, did not socialize during the week. A reasonable jury could conclude on the basis of this evidence alone that the defendant knew his statement to be false.

The conclusion was further supported, however, by the daughter's own testimony that, if she had received a telephone call following up on the note's suggestion, she would not have complied with the request. The jury, having had the opportunity to assess the daughter's demeanor and credibility at trial, clearly believed her testimony and could justifiably infer from that testimony that her father, who shared a home with his daughter for thirteen years, knew that she would not wish to engage in sexual intercourse with random individuals who telephoned her.

Finally, the jury knew that this child had been sexually abused at the hands of her father and that she had sought help, risking disruption of her life and alienation from her family, by reporting the incident to authorities. The jurors could reasonably infer that the girl, willing to endure the additional trauma of accusing her father in order to insure that the unwanted sexual contact would cease, did not welcome her father's sexual advances and would not welcome those of strangers, and that her father knew this.

██ "[R]eviewing courts should defer to the jury's determination unless no reasonable person could have come to that conclusion." *State v. Guglielmo*, 130 N.H. at 245, 544 A.2d at 28. In this case, based on the totality of the evidence presented, we hold that a reasonable jury could infer that the defendant knew that his statements regarding his thirteen-year-old daughter's willingness to en-

gage in sexual intercourse with anyone who responded to the note were untrue.

Defendant's final argument on appeal is that the trial court erred in refusing to grant his motion *in limine* seeking to have all evidence pertaining to the November 1, 1988 abuse or neglect hearing excluded at trial. As support for his position, Mr. Baird relies solely on his interpretation of the confidentiality requirement contained in RSA 169-C:25 (Supp. 1989) of the so-called Child Protection Act. That statute provides that "[i]t shall be unlawful for any party present during a child abuse or neglect hearing to divulge any information concerning the hearing to anyone. . . ." RSA 169-C:25, II (Supp. 1989). It further provides that "[a]nyone who knowingly violates [the] provision shall be guilty of a misdemeanor." *Id.*

The defendant claims that in this case the DCYS social worker's trial testimony regarding the general procedure and substance of the abuse or neglect hearing violated the confidentiality provision, and, in fact, was not necessary to prove the State's case. Although he concedes that the statute itself does not specifically provide the relief he seeks, Mr. Baird would have us hold that, given the particular circumstances of this case, the appropriate remedy for an infraction of the statute is a new trial. The State, on the other hand, argues that the confidentiality requirement is not absolute, and that the very limited information brought out at trial was absolutely necessary to prove essential elements of its witness or informant tampering charge, specifically, that the child had served as a witness or informant against her father and that Mr. Baird harbored a desire to retaliate against his daughter for her having reported his conduct to authorities and having subjected him to the entire ordeal. The State further argues that the defendant, by stating in the photocopies circulated at his daughter's school that she had had sexual intercourse with him on numerous occasions, disclosed the basis of the abuse or neglect hearing, thereby breaching the confidentiality requirement himself and waiving any protection which might arguably have been afforded him.

 "A statute will not be interpreted so as to produce an unjust and seemingly illogical result." *Appeal of Coastal Materials Corp.*, 130 N.H. 98, 105, 534 A.2d 398, 402 (1987) (citing *General Electric Co. v. Dole Co.*, 105 N.H. 477, 479, 202 A.2d 486, 488 (1964)); *State v. Howland*, 125 N.H. 497, 502, 484 A.2d 1076, 1078 (1984). With this in mind, we note that the defendant in this case, facing criminal charges as a result of his retaliatory actions against his daughter for her participation in the initial abuse or neglect hearing, wishes to invoke the protection of the confidentiality statute and

thereby prevent otherwise relevant and arguably essential information concerning this hearing from being introduced at his criminal trial for tampering with a witness or informant. There is no indication that the legislature ever intended to provide such a shield for those accused of criminal wrongdoing, *cf. State v. Howland supra,* and we conclude that the statute simply cannot reasonably be interpreted to prevent relevant evidence relating to a prior juvenile action from being introduced in the criminal prosecution of a party to the earlier juvenile proceeding for a crime arising out of that prior proceeding. Accordingly, we hold that the trial judge's denial of Mr. Baird's motion *in limine* was not error.

*Affirmed.*

HORTON, J., did not sit; the others concurred.