Derry Family Division
No. 2000-820

IN THE MATTER OF CAREY LEVREAULT AND MARK LEVREAULT

Argued: December 13, 2001
Reargued: February 13, 2002
Opinion Issued: May 6, 2002

*Harvey & Mahoney, P.A.,* of Manchester (*J. Campbell Harvey* on the brief and orally), for the petitioner.

*Mark Levreault,* by brief and orally, *pro se.*

NADEAU, J. The petitioner, Carey Levreault, appeals a decision of the Derry Family Division (*Reardon,* J.) in her divorce from the respondent, Mark Levreault. She challenges the amount of alimony and the trial court's failure to order a permanent alimony award. She also challenges the three-year duration of the order to provide medical insurance for her. We vacate in part and remand.

The Marital Master (*Bruce F. Dalpra,* Esq.) found the following facts, which were approved by the trial court. The parties were married in 1974, when the petitioner was eighteen and the respondent was twenty. The petitioner is a high school graduate and completed approximately one year of post-high school education. During the marriage, she worked sporadically both inside and outside the home, but was primarily responsible for managing the parties' household and taking care of their three children. The respondent provided for the family's financial needs during the parties' marriage.

In 1991, the petitioner was diagnosed with depression. Her mental illness has worsened over the years, and she is currently diagnosed with atypical bipolar and dissociative disorders. She has frequent episodes of psychosis and suicidal ideation, and has been hospitalized for her depression and suicidal thoughts approximately eight times in six years. The petitioner is currently unemployed and unemployable due to her mental illness. She is not likely ever to be capable of becoming and remaining gainfully employed or self-supporting, or of attaining financial independence.

We will uphold the trial court's findings and rulings unless they lack evidential support or are legally erroneous. *See In the Matter of Fowler and Fowler,* 145 N.H. 516, 519 (2000). "The trial court has broad discretion in determining and ordering the ... payment of alimony in fashioning a final divorce decree." *Id.* We will not overturn the trial court's ruling unless its exercise of that discretion is unsustainable. *See id.; State v. Lambert,* 147 N.H. 295, 296 (2001) (setting forth unsustainable exercise of discretion standard).

The trial court ordered that the respondent pay the petitioner $1,000 in monthly alimony for seven years. The petitioner argues that the amount of alimony awarded is "grossly insufficient in both amount and duration." She first contends that the trial court erred in awarding her an amount that is insufficient to cover her bare minimum expenses since she is unemployable

and has no other source of income, and the respondent earns adequate income.

"It is essential that the amount of alimony awarded be sufficient to cover the supported spouse's needs, within the limits of the supporting spouse's ability to pay. The supported spouse's needs are not, however, limited to the barest necessities." *Fowler*, 145 N.H. at 521 (quotation and brackets omitted). The petitioner asserts that her "bare survival costs," as set forth in her financial affidavit, are approximately $2,000 per month. The trial court, however, denied the petitioner's request for a finding of fact that she "currently needs approximately Two Thousand Dollars ($2,000.00) per month to maintain a lifestyle similar to that which she enjoyed during the marriage."

■ On the other hand, the trial court denied the respondent's request for a ruling that the petitioner's "style of living, resources available, and help from her father who resides with her, shows a need of no more than $1,000 per month." Reconciling these findings may support an inference that the petitioner needs more than $1,000, but less than $2,000, per month. If so, the alimony award would not be sustainable unless the court also found that the respondent was unable to pay more than $1,000 per month. *Cf. Fowler*, 145 N.H. at 521 (reversing alimony award that was "insufficient to put the [wife] in a position to enjoy the standard of living to which she was long-accustomed in her marriage" when it was uncontested "that the [husband] has more than ample means to provide the [wife] with financial support consistent with the quality of life established during their marriage").

■ The court's findings with respect to the respondent's ability to pay, however, do not clarify the issue. On the one hand, the court appears to have considered the respondent's income insufficient to meet both his and the petitioner's reasonable needs, taking into account their marital lifestyle. On the other hand, the court rejected the respondent's contention that his ability to pay alimony was limited to between $750 and $1,000 per month. Because we cannot determine, on the trial court's findings and rulings, whether the amount of alimony it ordered represents a sustainable exercise of discretion, we vacate the award and remand for findings and rulings supporting an appropriate award.

The petitioner next challenges the seven-year duration of the alimony award. The petitioner argues that the alimony award should have been permanent because she has serious health impairments and will not be able to rehabilitate herself to become self-supporting in the future.

■ The marital master made no findings or rulings explaining the limitation of alimony to seven years. "The master's failure to explain the basis on which he determined the duration ... of the alimony award constituted error." *Tishkevich v. Tishkevich*, 131 N.H. 404, 407 (1989). Accordingly, we instruct the trial court on remand to support any durational limitation on its alimony award with specific findings and rulings.

■ Finally, the petitioner contends that the trial court's order that the respondent provide health insurance to her for three years is insufficient in duration. She argues that the three-year limitation is arbitrary. The respondent, who testified that he was insured under a group health insurance policy, argues the order is consistent with RSA 415:18, VII(g)(1) (Supp. 2001), which provides that whenever any member of a group medical insurance plan becomes ineligible for further participation in the plan by reason of divorce, the plan's benefits shall be available to that person, at the same group rate, for an extension period of thirty-six months.

The trial court, however, made no specific ruling linking the three-year duration of its order on health insurance to application of RSA 415:18, VII(g)(1), nor did it make any other findings or rulings explaining that order. Accordingly, we vacate that portion of the order and remand for supporting findings and rulings.

*Vacated in part and remanded.*

BRODERICK, J., sat for oral argument but did not take part in the final vote; BROCK, C.J., and DALIANIS and DUGGAN, JJ., concurred.